Marshall & M'Leod vs. White.

8p 551
93  120

MARSHALL & M'LEOD vs. WHITE.

1. The only object of an enquiry of damages after a default, is the ascertainment of the amount to which the plaintiff is entitled—as every other matter is admitted by the defendant to be, as alleged in the declaration.

2. An action of trover cannot be commenced by attachment; which, can only issue on a money demand.

3. Where an attachment issues on affidavit of a money demand, a declaration subsequently filed in trover, against a defendant who does not appear, cannot be allowed.

4. But if defendant appear, and plead to the merits—he will be too late to review the irregularity, after judgment.

Error to Autauga Circuit court.

Trover, tried by *Harris*, J.

This action was commenced by process of attachment, issued by a justice of the peace, and returnable to the Circuit court of Autauga county.

At the return term, the plaintiff declared in trover for a slave, and the defendant not appearing, a judgment by default was rendered against him; but because the damages were unknown, a writ of enquiry was directed to be executed at the ensuing term. On the execution of the inquisition, damages, to the amount of nine hundred and seventy-two dollars, were assessed, for which sum judgment was rendered.

While the enquiry of damages was before the jury, the plaintiff proved, that the negro was in his possession before suit, and at the time of the alleged taking, and

Marshall & M'Leod *vs:* White.

also proved the value of the slave : but offered no further proof. The defendants requested thecourt to instruct the jury, that as the plaintiff had failed to prove, that the slave had ever been in the possession, or under the contol of the defendants; and had proved no demand, he was entitled to recover only nominal damages : this was refused; and the jury were charged, that the plaintiff was entitled to recover the value of the slave, (according to the proof,) and interest. To this the defendants excepted; and having removed the suit to this court, here assigned for error—

1. That the court erred in giving the charge stated ;

2. In refusing to give the one requested ;

3. That it erred in rendering the judgment ;

4. That the attachment was not issued, to recover for any demand authorised by law.

*Edwards*, for plaintiff in error.

GOLDTHWAITE, J.—If we are to consider the enquiry of damages as a proceeding after a default, its only object is the ascertainment of the amount to which the plaintiff is entitled; as every other matter is admitted, by the default, to be, as alleged in the declaration. In this view, the instructions given by the presiding judge were entirely free from error; and those requested by the defendant were properly refused. The judgment, however, cannot be supported, because a suit in trover may not be originated by attachment.

There is nothing in the statutes, respecting this process, which authorises a belief, that the general assem-

Marshall & M'Leod vs. White.

bly contemplated its issuance for any other than a money demand. Such seems to have been the idea conceived by the plaintiff, for he states in his affidavit, that the defendants are justly indebted to him in the sum of nine hundred dollars, after deducting all off-sets, &c. The proceeding subsequently, by a declaration in trover, is an error which vitiates the proceedings.

If the defendant had *appeared, and pleaded* to the merits, he would now be too late, to review this irregularity in this, or any other manner; but as the judgment was by default, and the defendant has by no act waived his rights, he must be permitted to avail himself of this error.

In Cain vs. Mather, (3 Porter's R. 224,) it was held, that on demurrer, the court ought not to look behind the declaration, to ascertain if it be sustained by the process. In that, as in this case, the suit was commenced by an original attachment; and, in both cases, the declarations are for *torts* sounding in damages merely. There, however, the defendant appeared,— and instead of pleading in abatement, or seeking to set aside the declaration for irregularity,— *demurred* to the cause of action as stated.

We think it might produce evil consequences of some magnitude, to decide, that a party suing out process of attachment to secure a money demand, is authorised to declare in any action which he deems expedient. Such a course would at all times leave an absent defendant entirely at the mercy of the plaintiff, as no other enquiry than the value of property named in the declaration would be before the jury, and as the default in all such cases admits the entire cause of action as stated.

8 P.                   70

Let the judgment be reversed back to the attachment, and the case remanded.