## Stephens *v.* Adams.

*Attachments for Rent, by Assignee of Tenant's Notes.*

1. *Rulings on motions, shown only by bill of exceptions.*—Rulings of the court on motions to dissolve the attachment, to discharge the levy, and to dismiss the suit, are judgments, and matters of record proper; and when shown only by bill of exceptions, are they revisable?

2. *Levy of attachment.*—When an attachment is sued out for the rent of a "hotel and lot," it may be levied on mules, cows, or other personal property belonging to the tenant, kept in the lot, and used generally in connection with the hotel business.

3. *When assignee of note may sue in his own name.*—The assignee of a non-negotiable promissory note, given for rent, may sue out an attachment on it in his own name (Code, §§ 2594, 3074), although the assignment is made by separate written instrument, and not by indorsement on the note itself.

4. *Waiver of exemptions as abandonment of landlord's lien.*—A waiver of exemptions, contained in a note given for rent, is not an abandonment of the landlord's lien.

5. *Appearance and plea, as waiver of defect in attachment proceedings.* In a suit commenced by attachment, if the record shows that the defendant appeared and pleaded the general issue, this is sufficient to sustain a judgment on verdict against him, without regard to the regularity or validity of the proceedings had on the attachment.

APPEALS from the Circuit Court of Barbour.

Tried before the Hon. JESSE M. CARMICHAEL.

These two actions were brought by J. A. Adams against J. G Stephens, and each was commenced by attachment sued out before a justice of the peace, on the 30th December, 1889. Each action was founded on several small notes for rent, given by the defendant to Mrs. S. A. Green, of which the plaintiff claimed to be the owner by written transfer from Mrs. Green, though it was not indorsed on the notes. The notes are nowhere set out or described in the record, though the dates, amounts, &c. are stated in the written transfer; and the bill of exceptions states that each of them "contained a waiver of

exemptions, but did not show on their faces that they were
rent notes, or that they passed any lien to Mrs. Green or any
one else;" and it is further stated that the evidence showed,
"without conflict, that they were given for the rent of a hotel
building, and a lot for the keeping of stock, and a garden,
which were occupied and used by said Stephens during the
year 1889 under his contract of rent with Mrs. Green." The
attachment in each case was levied on two mules, a cow and
calf, a wagon, buggy and harness; and the evidence showed
that these were kept in the hotel lot, and were generally used
in connection with the hotel business, though the wagon and
buggy were not on the rented premises at the time they were
levied on. A claim to the property levied on was interposed
by M. M. Strickland, and the bill of exceptions states that the
claim suit was decided in his favor.

In each of the attachment cases, motions were made in the
justice's court, (1) "to dismiss the levy, because it was made
upon property outside of the hotel building; and (2) to dis-
solve the attachment, because there was no written indorse-
ment on the notes, and plaintiff therefore had no right to
maintain his attachment suit;" and these motions being re-
newed in the Circuit Court, and overruled, exceptions were
reserved to the action of the court. A further motion was
made in the Circuit Court, "to dismiss the attachment and
levy, because the waiver of exemptions contained in each of
the notes was a security for their payment, and they had no
lien attaching to them;" and an exception was reserved by
the defendant to the overruling of this motion. The action of
the court on these several motions is shown only by the bill
of exceptions, the judgment-entry only reciting a general ap-
pearance and verdict on issue joined. The overruling of these
several motions, and the general charge for the plaintiff, given
on request, are assigned as error.

A. M. McLendon, for appellant.

Watts & Son, contra.

STONE, C. J.—These cases present questions in all respects
identical. The suits were instituted before a justice of the
peace, by attachment for rent of a hotel building, alleged to
be due. Attached to the hotel was a stable and lot for mules
and other cattle. The attachment was sued out under sec-
tions 3070-4 of the Code of 1886. The ground of attachment
was, and is, "that the said J. G. Stephens, the said tenant of
said premises, refuses on demand made by affiant, the owner,

holder and assignee as aforesaid, to pay said" rent notes. The notes were made payable to Mrs. Green, and were transferred to Adams, the plaintiff, not by indorsement on the notes, but by a separate writing, reciting a consideration in money. The justice of the peace gave judgment in favor of the plaintiff, and there was an appeal to the Circuit Court.

The record before us, outside of the bill of exceptions, shows only the final trial, verdict of the jury, and judgment of the court pronounced upon it. The motions to discharge the levy, to dissolve the attachment, and to dismiss the suit, and the court's rulings on these several motions, are shown only in the bill of exceptions. The rulings on these several motions being judgments of the court, and more or less decisive of the case, should they not have been made matter of record proper? The office of a bill of exceptions is to present matters which do not and should not otherwise appear of record.—3 Brick. Dig. 78, §§ 7 and 8. We need not, however, invoke this principle in this case.

The motion to discharge the levy was rested on the contention, that because the property seized was not in the hotel building, there was no lien upon it, and it was therefore not subject to the attachment. This is too narrow a view of the statute. The several articles attached were kept on the premises, and were used generally in connection with the hotel business. This clearly brought them within the principle which secures to the landland a lien for unpaid rent, if the ownership of the property was such that a lien could attach. Code of 1886, § 3069; 5 Am. & Eng. Encyc. of Law, 709–10; 2 Wood's Landlord and Tenant, § 540; 1 Woodfall's L. & T. 435; 2 Taylor's L. & T. §§ 558 to 583. See, also, *Un. W. & E. Co. v. McIntyre*, 84 Ala. 78; *Abraham v. Nicrosi*, 87 Ala. 173.

Section 3074 of the Code declares, that "the lien [for rent] provided in this article shall vest in any assignee of the claim." We have shown that Adams became the owner of the rent notes, not by indorsement on the notes, but by a separate written assignment. Motion was made first before the justice, and renewed in the Circuit Court, to dissolve the attachment, on the ground that Adams was not an "assignee of the claim" in the sense that would enable him to maintain attachment on it in his own name. We can not agree to this. The present suit is brought on promissory notes that are not negotiable. Our statute—Code of 1886, § 2594—provides, that such actions "must be prosecuted in the name of the party really interested, whether he has the legal title or not." Adams owned the notes, and was therefore the party really interested. And although the assignment, being by a separate writing,

[Dahm v. Barlow & Co.]

would not probably have enabled him to sue in his own name in the absence of our statute, it was nevertheless an assignment, as contradistinguished from a transfer by delivery. *Planters & Merchants Ins. Co. v. Tunstall*, 72 Ala. 142.

The notes, the subject of suit in these cases, contain a waiver of exemption of personal property. Motion was made to dismiss the attachment, on the alleged ground that this waiver was a security taken, and therefore an abandonment of the lien. The motion was made first before the justice, and renewed in the Circuit Court. The landlord's lien is secured by statute, and it contains no provision that taking a waive note for rent is a surrender of the lien.— *Westmoreland v. Foster*, 60 Ala. 448; 3 Brick. Dig. 605, § 107. Even taking security is not a waiver of the lien.— *Coleman v. Siler*, 74 Ala. 435.

We have elaborated the foregoing principles more than we need have done. The judgment-entry recites as follows: "This day came the parties by their attorneys, and the defendant pleads the general issue, and issue being joined on said plea, thereupon came a jury," &c. The record then shows a verdict of the jury in favor of plaintiff, and a judgment upon it. There is nothing in the record which explains, or qualifies, this general appearance. This renders the judgment regular and binding on the defendants personally, even if the attachment proceedings had been void on their face.— *Marshall v. White*, 8 Porter, 551; *Matthews v. Sands*, 29 Ala. 136; *Flash v. Paul, Ib.* 141; *McElhaney v. Gilleland*, 30 Ala. 183; *Grigg v. Gilmer*, 54 Ala. 425.

Affirmed.