# Aderhold *v.* Blumenthal & Beckert.

*Trover against Landlord, by Purchaser from Tenant.*

1. *Landlord's lien on tenant's goods, for rent of storehouse.*—A landlord's statutory lien for rent, on the goods, furniture and effects of his tenant in the rented storehouse (Code, §§ 3069-70), is not displaced or affected by a sale of the goods by the tenant to a creditor who had knowledge or notice of the landlord's lien, or of the fact that the goods were in a rented house ; and if the purchasing creditor had such knowledge or notice, the ignorance of his agent or attorney who effected the purchase can not avail him.

2. *Same; conclusiveness of judgment; defenses available to purchaser.* The landlord having obtained a judgment in his attachment suit against his tenant, and being sued in trover by the purchasing creditor, the judgment is conclusive of his right to maintain the action, and can not be assailed by the purchaser on the ground that, before suing out the attachment, he had transferred the notes for rent to a

[Aderhold v. Blumenthal & Beckert.]

third person as collateral security, and was not the owner of them; but the purchaser may assail the judgment on the ground of fraud, or because it was not founded on a debt for rent, or because the debt was in fact paid.

APPEAL from the City Court of Anniston.

Tried before the Hon. B. F. CASSADY.

This action was brought by Blumenthal & Eckert, suing as partners, against T. M. Aderhold and H. W. Finney, to recover damages for an alleged conversion of certain goods and chattels, consisting of chairs, table, furniture, fixtures, crockery, &c.; and was commenced on the 29th April, 1889. The goods and chattels had belonged to one Harry Toole, and were used by him in carrying on a restaurant in a house which he had rented from said Aderhold, one of the defendants, for and during the year 1889; the annual rent being $900, and payable in monthly installments. On the 14th February, 1889, Aderhold, as landlord, sued out an attachment for rent against said Toole; and the attachment was levied by Finney, one of the defendants, as deputy-sheriff, on said goods and chattels, while yet in the rented house. On the 8th May, 1890, the plaintiff in attachment recovered judgment by default against the defendant, for the amount claimed, $550, besides costs; and the judgment-entry adds, "then came plaintiff, by his attorney, and acknowledges satisfaction of the above judgment."

The plaintiffs claimed the goods under a purchase from said Toole, and offered in evidence what purported to be a bill of sale, dated February 8th, 1889; but it contained no words of conveyance, being in these words: "Know all men by these presents, that I, Harry Toole, for and in consideration of $365 to me in hand paid by Blumenthal & Beckert, of Atlanta, Georgia, the following described personal property," describing it;" "and further, said Blumenthal & Beckert agree to assume and pay off a mortgage on said property," describing said mortgage. In connection with this writing, the plaintiffs offered in evidence a writing signed by A. D. Meador as agent of plaintiff, dated on the 8th February, 1889, by which he rented to said Toole the personal property mentioned in the said bill of sale, for one week, for the sum of $5.00, "with the privilege of renting said property for one week after expiration of specified time." Said Toole testified that, at the time the attachment was levied, he was in possession of the goods "under said contract between him and plaintiffs above set out"; that he had notified plaintiffs, prior to the sale to them, "that the house he was occupying was rented, and they knew he

[Aderhold v. Blumenthal & Beckert.]

owned no real estate in the county"; and that none of his notes for rent were due when the attachment was sued out. A. D. Meador, who, as agent and attorney for plaintiffs, made the purchase of the goods, testified that he did not know Toole was in a rented house, nor that the house belonged to said Aderhold, but he had just removed to Anniston, and he made no inquiries. J. E. Aderhold, a witness for defendants, who had made the affidavit for the attachment, testified that the notes for rent, at that time, were held by one Lewis, to whom they had been transferred as collateral security by T. M. Aderhold, being indorsed in blank; and that said notes, as they matured, were each "taken up" and paid by him as indorser; and the notes were produced on the trial. It was shown, also, that the goods were almost entirely destroyed by fire, while in the possession of the sheriff under the levy of the attachment.

On these facts, a jury having been waived, the court decided the issues in favor of the plaintiffs, and rendered judgment for them for $562, the value of the goods. The defendants excepted to this ruling and judgment, and they here assign it as error.

CALDWELL & JOHNSTON, for appellants.—The landlord's lien on the goods can not be doubted, and it was clearly proved that plaintiffs had notice of it.—Code, § 3069; *Lomax v. Le Grand*, 60 Ala. 537; *Herbert v. Hanrick*, 16 Ala. 581. The transfer of the tenant's notes as collateral security did not take away the landlord's right to sue for the rent, and the judgment in the attachment case is conclusive of his right to maintain the action.—Code, § 2594; 88 Ala. 336; 82 Ala. 384; Jones on Pledges, § 651. Appellants further suggest that plaintiffs showed no title in themselves to the property, the alleged bill of sale containing no words of conveyance.—78 Ala. 111-14.

GORDON MACDONALD, and BLACKWELL & KEITH, *contra.*—A landlord who has indorsed his tenant's note for rent to a third person, as collateral security for a debt, can not sue out an attachment based on it before that debt is paid. *Ware, Murphy & Co. v. Russell*, 57 Ala. 43; *Cocke v. Cheney*, 14 Ala. 65; *Pickens v. Yarborough*, 26 Ala. 417; 2 Rand. Com. Paper, § 795, and citations.

COLEMAN, J.—The goods, when purchased by plaintiffs, were in a rented storehouse, and subject to the landlord's lien.—Code, § 3069. The goods were purchased in bulk,

[Aderhold v. Blumenthal & Beckert.]

and the consideration was the payment of an antecedent debt. Moreover, the goods had not been removed from the storehouse when they were levied upon at the suit of the landlord, by attachment for the enforcement of his rent debt. The sale of the goods by the tenant did not displace the prior lien of the landlord.— *Weil v. McWhorter*, 94 Ala. 540. It was proven by the witness Toole, and not controverted, that appellees knew that Toole occupied a rented storehouse.—*Lomax v. LeGrand*, 60 Ala. 537; *Boggs v. Price*, 64 Ala. 514; *Scaife v. Stovall*, 67 Ala. 237. Having notice themselves, the ignorance of their attorney and agent, Meador, through whom the goods were purchased, can not avail them.

It is contended that, as Aderhold, the landlord, had transferred the rent notes of Toole to Lewis, as collateral security to a debt he was owing to Lewis, and as the rent notes were so held by Lewis when the attachment for the rent was sued out by the landlord against the tenant, the Circuit Court had no jurisdiction of the case, and that the judgment rendered is a mere nullity. This position is untenable, under the facts disclosed in the record.

The proceedings of the attachment suit in the Circuit Court on their face were in all respects regular. The court had jurisdiction of the persons and subject-matter. Its judgment is conclusive, as between the landlord and tenant, of the amount due for rent, and that it was due the landlord. The defendant in that suit, if the facts justified it, might have shown that the plaintiff did not own the debt, and was not the proper person to sue; but a stranger to that suit can not show, in a collateral proceeding, that the plaintiff was not the owner of the claim, and not entitled to maintain the action. If the holder of the collateral nor the debtor objects to the party suing, a stranger to the action can not interfere to defeat the suit, or after judgment impeach its validity as between the parties to the suit. The case of *Ware v. Russell*, 57 Ala. 43, is not in conflict with this principle.

Plaintiffs having shown title to the property by their purchase from the tenant, it was competent for them to impeach the judgment obtained by Aderhold, the landlord, against Toole, his tenant, for fraud, or to have shown it was not founded on a rental debt, or that the debt had in fact been paid. As to these questions, the judgment in the Circuit Court was, as to the plaintiffs in this suit, *res inter alios acta.*—*Dryer v. Abercrombie*, 57 Ala. 497; *Boswell v. Carlisle*, 55 Ala. 554.

It having been shown, however, that Toole was indebted for the rent of the storehouse; that the landlord's lien attached to the goods for the rental debt; that he sued out an attachment for rent, which was levied upon the goods in the storehouse subject to the landlord's lien, and this attachment was prosecuted to judgment in the Circuit Court; the validity of this judgment and sale of the property under the attachment can not be impeached or invalidated by proof that the rent notes upon which the attachment issued had been transferred as collateral security before the suing out of the attachment; and this would be true, even though it had not been proven, as it was, that after the attachment issued, and before judgment, the debt for which the rent notes were hypothecated as collateral security was fully paid by the landlord, and the rent notes returned to him.

It is thought that these principles will be sufficient to guide the court on another trial, without noticing in detail the several questions raised by the pleadings. The ruling of the trial court did not accord with the principles of law as here declared, and the conclusion reached was not authorized by the evidence.

The judgment is reversed, and the cause remanded.