# Scott v. Renfro.*

*Statutory Trial of the Right to Property.*

1. *Landlord and tenant; lien on property not destroyed by sale during tenancy.*—Where a tenant of offices or other building included in the statute (Code, § 3896), upon entering into the leased premises pays his rent in advance for a part of the term of the lease, and, during the time for which the rent was so paid, sells the property placed by him on the rented premises in payment of a past due debt to a creditor, who had knowledge of the fact that said property was, at the time of sale, on the rented premises, such sale does not destroy the lien of the landlord upon such property for the unpaid rent, or impair the right of the landlord to enforce his lien thereon in the hands of such purchaser.

2. *Trial of the right to property; issue thereon.*—In a trial of the right to property levied on under an attachment or execution, the issue is, whether the property belongs to the defendant and is subject to the process; and the amount of the plaintiff's debt is immaterial, and evidence in reference thereto is, therefore, inadmissible.

APPEAL from the City Court of Decatur.

Tried before the Hon. WILLIAM H. SIMPSON.

This was a statutory trial of the right to property, which was instituted by the appellee, Mrs. Nancy R.

*This case was decided on December 20, 1893, but has been, through inadvertence, omitted from the Reports.

[Scott v. Renfro.]

Renfro, interposing a claim to certain property, which was levied upon under a writ of attachment, at the instance of John F. Scott in a suit by him against the Merchants Insurance Company, to recover rent alleged to be due said Scott by the Merchants Insurance Company.

On the 31st of July, 1888, John F. Scott obtained an attachment and began an action against the Merchants Insurance Company, to enforce his lien as a landlord for the rent of certain offices in a building in the town of Decatur, known as the "Scott Block," which offices were rented by him to the Merchants Insurance Company for the year from April 1, 1888, to April 1, 1889. On the same day of the issuance thereof, the writ of attachment was levied on certain property, consisting of office furniture, then in the offices rented by said insurance company from the said Scott. Upon the levy of this attachment, Mrs. N. R. Renfro interposed a claim to the property so levied upon, and after filing affidavit and bond, as required by law, the property was delivered to her; and an issue was duly tendered by the plaintiff, in which the claimant joined.

Upon this statutory trial of the right of property the evidence tended to show, as is shown by the bill of exceptions, that the plaintiff in the attachment, John F. Scott, rented to the Merchants Insurance Company certain offices in the block of buildings owned by him; that the property levied upon under the attachment was, at the time of the renting, the property of the Merchants Insurance Company, and had, up to that time, been upon the rented premises. The claimant did not, in any way, claim that she had any title or interest in the property at the time of the renting of the premises. She bases her title to the property, as is shown by the evidence, under a bill of sale, purporting to have been made to her by the Merchants Insurance Company on May 24, 1888. She did not attempt to take possession of the property until July 31, 1888, just as the attachment in this action was levied. The evidence further tended to show that on November 5, 1887, the Merchants Insurance Company issued to the claimant a policy of insurance, insuring certain property belonging to the claimant against loss by fire; that there was loss under this policy, which was adjusted at the sum of $312.42; that not having the

money to pay the loss, the Merchants Insurance Company made a bill of sale to the claimant to the property in controversy, on May 24, 1888, as above stated. It was further shown that the claimant, through her attorneys, took possession of the property, and was removing it from the premises when the attachment in this case was levied. There was also evidence tending to show that at the time of the sale to claimant, defendant in attachment had paid the rent in advance for several months.

Upon the introduction of all the evidence, the plaintiff requested the court to give to the jury, among others, the following charge : ''If the jury believe the evidence, they must find for the plaintiff.'' The court refused to give each of the charges requested by the plaintiff, to the refusal to give each of which the plaintiff separately excepted ; and also separately excepted to the court's giving several charges asked by the claimant.

There were verdict and judgment for the claimant. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

MORRIS A. TYNG, for appellant.

·O. KYLE, contra.

HARALSON, J.—It is not disputed that the property in question was the property of the Merchants Insurance Company, at the time they rented the premises from the plaintiff, John F. Scott, nor that it was placed by the company on the rented premises and remained there, until the attachment of plaintiff was issued and levied on it ; and, the claimant, Mrs. Renfro, the appellee, does not claim, that at the time of the renting of the premises by said insurance company from plaintiff, she had any title to or interest whatever in the property levied on under the plaintiff's attachment for rent. The only pretense of a right by her to the property, is that the said insurance company, the lessee of the plaintiff, had paid to plaintiff, for some time in advance, the rent for the offices in which the furniture levied on for rent was placed, and during the time for which the rent was thus paid in advance, the company transferred the title to said furniture to the claimant, who had constructive notice,—the property

purchased being at the time in the rented rooms,—and as the proof also tends to show, actual knowledge of the tenancy of said insurance. company, as lessee of the plaintiff. It was also shown, that the sale and transfer of said property by said company to claimant, was made solely for the purpose of paying a past-due indebtedness by said company to her. If all that the claimant contends for, therefore, be granted,—that she purchased the furniture during a period of the rent term, for which the rent was paid in advance, for the purpose alone of paying a past-due debt by the defendant in attachment to her,—the purchase by her would not be good against the claim of plaintiff for his unpaid rent for the entire rent term.

The lien of plaintiff on the property, for any rent remaining unpaid, was not lost or impaired by this sale to claimant.—*Aderhold v. Blumenthal*, 95 Ala. 66; *Weil v. McWhorter*, 94 Ala. 540 ; *Manasses v. Dent*, 89 Ala. 565 ; *Abraham v. Nicrosi*, 87 Ala. 173 ; *Ex parte Barnes*, 84 Ala. 540; *Scaife v. Stovall*, 67 Ala. 237.

The evidence tended to show, without conflict, that there was a balance due the plaintiff. The issue in a contest of this character is, whether the property claimed is the property of the defendant in attachment, and is liable to its satisfaction ; and the amount of the plaintiff's debt is immaterial and foreign to the issue. That question may be adjudicated afterwards, on the trial of the case against the defendant in attachment, which has stood in abeyance until the claim suit has been determined.— *Dryer v. Abercrombie*, 57 Ala. 497; *Shahan v. Herzberg*, 73 Ala. 59 ; *Abraham v. Nicrosi*, 87 Ala. 173; Code, §§ 3005, 3012, as amended.

The general charge, on the undisputed facts, should have been given, as requested for the plaintiff. In this view of the case, it is unnecessary to consider the other questions raised.

Reversed and remanded.