# Andrews Manufacturing Co. v. Porter.

*Action of Trespass in the Levy of an Attachment.*

1. *Landlord and tenant; extent of lien upon property brought upon
premises during the lease.*—Under the provisions of the statute (Code
of 1886, § 3069), the landlord of a building leased for a term, has a lien
for the rent of the entire term on the goods, furniture and effects of the
tenant, which may be brought upon the premises at any time during
the existence of the lease; such lien attaching to the property as soon
as it is brought on the premises.

2. *Same; removal of property does not affect the right of landlord to en-
force his lien.*—The sale or removal of property by a tenant from the
premises during the term of the lease, does not displace the lien of the
landlord or affect his right to enforce his lien upon the property for
the unpaid rent, wherever found and identified, unless it is in the
hands of a *bona fide* purchaser for value without notice of the lien.

[Andrews Manufacturing Co. v. Porter.]

3. *Same; action of trespass by purchaser from tenant; irrelevant evidence.*—In an action of trespass by a purchaser from a tenant against the latter's landlord and a sheriff, for the levy of an attachment upon and sale of property which had been on the rented premises, but was purchased by the plaintiff from the tenant during the term of the lease, with notice of the landlord's right, where it is shown that at the time of suing out the attachment the tenant had made default in the payment of a part of the rent, which had become due, the fact that the tenant had other property on the rented premises which could be subjected to the payment of the rent is of no consequence, and gives the plaintiff no additional right; and hence the evidence of such fact is inadmissible.

4. *Exclusion of competent evidence; when error without injury.*—Where defendants in a cause would have been entitled to the general affirmative charge if all the evidence offered by the plaintiff and excluded had been admitted, if there was error in the exclusion of the evidence so offered by the plaintiff, it was error without injury, and will not work a reversal of the cause.

APPEAL from the District Court of Lauderdale.

Tried before the Hon. W. P. CHITWOOD.

The facts of the case are sufficiently stated in the opinion. There were several exceptions reserved to the rulings of the court upon the evidence, but it is unnecessary to set out these rulings in detail.

Upon the introduction of all the evidence, the plaintiff requested the court to give the general affirmative charge in its favor, and duly excepted to the court's refusal to give such charge. At the request of the defendant, the court instructed the jury that "If the jury believe the evidence, they will find for the defendant." To the giving of this charge the plaintiff duly excepted.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the rulings of the court upon the evidence, the refusal to give the charge asked for the plaintiff, and the giving of the general affirmative charge requested by the defendant.

PICKETT & CROW and EMMET O'NEAL, for appellants. The plaintiff was entitled to recover in this case. The duty and obligation of the tenant to pay rent result from his beneficial enjoyment of the premises, unmolested by the landlord. There is molestation, relieving him from the duty and obligation, whenever the landlord personally, or through the act of another, however quietly, enters upon, and possesses himself of, the premises, or any

[Andrews Manufacturing Co. v. Porter.]

part thereof."—*Warren v. Wagner,* 75 Ala. 204 ; *Abrams v. Watson,* 59 Ala. 528 ; *Rice v. Dudley,* 65 Ala. 71.

SIMPSON & JONES, *contra.*

McCLELLAN, J.—This is an action of trespass prosecuted by The Andrews Manufacturing Co. against George W. Porter and Frank M. Perry for wrongfully taking certain goods and chattels alleged to be the property of plaintiff. We do not understand that there was any conflict in the evidence to the establishment of the following state of facts : One Reeder, being the owner thereof, leased a building in the town of Florence for a term of three years, commencing on October 20, 1890, to The Alabama Banking & Trust Co. for a banking house, at $116.66 per month, payable in monthly instalments, and for each month on the first day thereof. Twelve of these notes covering the year 1891 were assigned by Reeder to Frank M. Perry. On December 4, 1891, the notes for the rent for November and December not having been paid, he sued out an attachment against said tenant for the recovery of said arrears on the ground that the tenant had failed after demand made to pay the same. This attachment was levied by George W. Porter, as sheriff, on the following property, viz. : 4 desks, 1 counter and fixtures, 1 safe, 1 set of lock boxes, 4 office chairs, 4 small chairs, 1 stove, 1 letter press, 1 carpet, 2 waste baskets, 2 spittoons, 2 desks, and 2 doors and frames, all of which was in the possession of the tenant—defendant in attachment—at the time of the levy, and all except one desk was found in the leased building ; the desk levied on elsewhere having been in and a part of the furniture of the building during the year 1891, but prior to August 31st of that year. Of this property "four desks," including the one not in the building at the time of levy, "one counter and fixtures, four office chairs, four small chairs and two desks," it is claimed by plaintiff belonged to it at the time of the levy. Perry had judgment in that action, and all the property was sold in satisfaction thereof. This is the taking by Perry and Porter of which the plaintiff complains. It claims title to the property under a bill of sale executed to it by the Banking Co. tenant, and defendant in attachment, on August 31st,

1891. At that time all the property except the one desk referred to above was in the building, and that desk had been there earlier in that year, as we have seen, and the rent for the building had been paid up to September 1, 1891. The consideration for this sale was an antecedent debt due by the tenant, the Banking Co., to the Manufacturing Co., the latter at the time having notice of the landlord's rights. Under it the latter took possession of the property, but immediately rented it to the tenant at a stipulated monthly rental, and it continued in the possession of the tenant until levied on and taken away by the sheriff. Soon after the levy, plaintiff notified the sheriff of its claim to the property and demanded possession of it, which was refused.

The sole question arising on these facts is whether a landlord of a building leased for a term has a lien for the rent of the entire term on the goods, furniture and effects of the tenant which may be at the any time during the term on the premises. If so the plaintiff has no case. Literally the statute gives the lien on all the goods, furniture and effects belonging to the tenant whether ever in or on the premises or not. Proceeding by analogy to the common law remedy of distress, we have, however, held that the lien attaches only to such property of the tenant as has "enjoyed the protection of the premises for which rent is claimed."—*Ex parte Barnes*, 84 Ala. 540 ; *Abraham v. Nicrosi*, 87 Ala. 173, 178. But we have also held that the lien is not displaced by a sale of his property by the tenant (otherwise than in the regular course of business, the property being of a sort intended for sale, as a stock of goods) to, and its removal from the premises by, a person having knowledge or notice of the lien.—*Weil v. McWhorter*, 94 Ala. 540 ; *Aderhold v. Blumenthal*, 95 Ala. 66. And *a fortiori* displacement of the lien would not result from a removal of the property by the tenant. In either of these cases the lien may be enforced so long as the property can be found and identified, provided it has not come to a *bona fide* purchaser for value without notice of the lien. These considerations serve specially to put the desk, which was not in the building when this levy was made, on the same footing as the other property. And the main question, whether the lien attaches for the whole rent upon all property belonging to the tenant

[Andrews Manufacturing Co. v. Porter.]

and on the premises at any time during the term, has been expressly decided in the affirmative by this court in a case identical on this point with the present one. In *Scott v. Renfro*, 106 Ala. 611, the facts were that the tenant, at a time when the rent had been paid for several months in advance, sold certain goods, wares and effects belonging to him and then on the premises to a creditor of his in payment of an antecedent debt. Afterwards the landlord attached these goods for rent accruing some months subsequent to the sale; and the lien of the landlord was held to have attached to the property when it was brought on the premises for the rent of the whole term and to be superior to the claim of the purchaser. That adjudication, in connection with what we have said above, is decisive of the present case against the Manufacturing Co.

The rent notes upon which the attachment was sued out having matured, and the tenant having failed to pay them on demand, the landlord had a right to sue out the attachment whether the tenant had fraudulently disposed of any of his property or not, or had made a complete transfer of all or substantially all his goods, &c., or not.—Code of 1886, § 3070. Hence the fact that the tenant had other property in the building was of no consequence, even if we concede the plaintiff here could raise any question as to the existence of a *ground* for the attachment, and the court properly excluded the evidence offered on that subject. Moreover, if all the evidence offered by plaintiff and excluded had been received, the defendant would still have been entitled to the affirmative charge. Hence if any ruling on evidence offered by plaintiff was erroneous, it yet did not injure the plaintiff.

The judgment of the district court must be affirmed.

Affirmed.