# Nicrosi *v.* Roswald.

*Action by Landlord against Tenant to enforce his Lien.*

1. *Landlord and tenant; lien can be enforced by attachment only for rent due, in the absence of conditions specified in the statute.*—Under the statute giving to the landlord of a storehouse, dwelling-house, or

[Nicrosi v. Roswald.]

other building, a lien upon the property of his tenant for rent due, and providing a remedy for its enforcement by attachment, and which also provides that an attachment may be sued out, whether the debt is due or not, upon certain specified conditions, (Code of 1886, §§ 3069, 3070), the landlord is given a security to be enforced at law, only when the rent is due and is not paid on demand; and if the rent is not due, and the specified conditions prescribed by the statute for the collection of rent not due do not exist, the landlord has no authority to sue out an attachment.

2. *Same; same.*—When, in an action by a landlord against his tenant, to enforce his statutory lien, the plaintiff seeks to recover on a note for one monthly instalment of rent then past due at the institution of the suit, and for others falling due on the 1st of each month thereafter, but the suit was not instituted on either of the grounds specified in the statute for suing out the writ of attachment for the recovery of rent not due, and there is no allegation of the existence of such specified conditions, the plaintiff is entitled to recover for only the instalment of rent due at the institution of the suit.

3. *Pleading and practice; when claim properly stricken from the complaint.*—When there is included in the complaint several demands, some of which are due at the institution of the suit, and others upon which the plaintiff could not recover because they were not then matured, the court should, upon motion properly made, strike out so much of the complaint as seeks to recover for the demands not due; it being proper to raise such objection to the complaint by motion to strike and not by demurrer.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN R. TYSON.

The appellant, D. M. Nicrosi, rented a store to the appellee for one year commencing October 1, 1893, at a monthly rental of $75, payable on the 1st day of November and on the 1st day of each succeeding month. The rent for the month of October not having been paid, and payment having been demanded of Esther Roswald, and she failing to pay, D. M. Nicrosi, on November 9, 1893, instituted suit against Esther Roswald, and sued out an attachment to enforce the payment of the rent due. The suit was pending several months, and when tried, the plaintiff claimed the right to recover, not only for the rent due at the time of the institution of the suit, but also the subsequently accruing instalments. The other facts of the case are sufficiently stated in the opinion.

There were verdict and judgment for the plaintiff for the amount of the first instalment of rent. The plaintiff

38

[Nicrosi v. Roswald.]

appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

THOS. H. WATTS, for appellant.—1. The court erred in sustaining the defendant's motion to strike from the complaint the demand for the rent which was not due at the institution of the suit.—*Davis v. L. & N. R. R. Co.,* 108 Ala. 660; *Treadwell v. Tillis,* 108 Ala. 262; *Dalsheimer v. McDaniel,* 12 So. Rep. (Miss.) 338; *Yale v. McDaniel,* 12 So. Rep. (Miss.) 556.

2. The plaintiff had the right to maintain his action for the full amount of his rent. The object of the statute is to give a lien to the landlord and to enable him to preserve that lien and the idea seems to have been to give the landlord the right of attachment whenever the tenant was in default, whether for the whole rent or for an instalment of the rent, if the tenant, on demand, refused to pay that part of the rent which was in arrears, and this right of attachment extended to the whole debt, to the preservation of the whole lien, whenever the tenant became in default and on demand refused to pay the rent in arrears. To permit the contention of appellee would be to permit the splitting of a cause of action. *Campbell v. Hatchett,* 55 Ala. 548; Code of 1886, §§ 3069, 3070.

TOMPKINS & TROY, *contra.*—1. It is well settled as a general proposition that no suit can be brought for the recovery of a demand until after it has become due. *Jones v. Massey,* 79 Ala. 370; 1 Amer. & Eng. Encyc. of Law, 180. So an attachment might not lie for a debt not due unless the statute expressly authorizes it.—1 Amer. & Eng. Encyc. of Law, 896; *Moore v. Dickerson,* 44 Ala. 485; *Russell v. Gregory,* 62 Ala. 454. So if the right of plaintiff to recover is dependent on any fact occurring after the suit is brought, the action can not be sustained.—*Donaldson v. Waters,* 30 Ala. 175.

2. The notes excluded from evidence did not mature until after the commencement of this suit, unless the statute under which this suit was brought matured them as a result of the failure to pay the first note. Such a statute furnishes a summary remedy, and "can not be extended by construction beyond its terms."—*Dumes v. McLosky,* 5 Ala. 239; *Taliaferro v. Lane,* 23 Ala. 369;

*Levy v. Millman,* 7 Ga. 167; *Danforth v. Carter,* 1 Iowa, 546.

HARALSON, J.—Section 3069 of the Code gives the landlord of a storehouse, dwelling-house, or other building, a lien on the goods, furniture and effects belonging to the tenant, for his rent.

Section 3070 provides a remedy *at law* for the enforcement of this lien. Such a proceeding is purely statutory, and the writ can only be issued in such cases as are clearly authorized by the law creating the remedy. The courts, by construction are not permitted to extend its provisions to cases and persons which are not clearly within its provisions.—*Taliaferro v. Lane,* 23 Ala. 369, 371; *Gunn v. Howell,* 27 Ala. 663.

This section provides, that "when the rent, or any instalment thereof is due, and the tenant fails or refuses, on demand, to pay such rent or instalment," the landlord shall have the right, for the enforcement of his rent lien, conferred by the preceding section,—3069,—"to sue out an attachment before any officer authorized to issue attachments, and returnable to any court having jurisdiction of the amount claimed." It also provides, that the attachment may be sued out, whether the debt is due *or not,* (1) "when the tenant has fraudulently disposed of his goods;" (2) "when the defendant has made an assignment for the benefit of his creditors;" and (3) "when the defendant has made a complete transfer of all, or substantially all of his goods, without the consent of the landlord, or without having paid the rent in full for the term." It thus appears, that without the existence of either of these conditions the landlord may sue out the process, "when the rent or any part of it is due," and the tenant has failed on demand to pay; and, when one or the other of said conditions does exist, while he may sue it out to collect rent that is due, he cannot, without the existence of any of them, sue to collect the rent that is not due. In other words, he cannot resort to this process to enforce his lien and collect his rent, upon the simple refusal of the tenant on demand to pay, except for rent already due.

We have held that the lien in a case of the kind attaches from the commencement of the tenancy, for the security of the rent when it matures, and that it attaches

[Nicrosi v. Roswald.]

for the whole rent, for the entire term, upon all the property belonging to the tenant, which "enjoyed the protection of the premises for which the rent is claimed," so long as the property can be found and identified, provided it has not come to the hands of a *bona fide* purchaser for value without notice of the lien.—*Scoot v. Renfro*, 106 Ala. 611; *Andrews Mfg. Co. v. Porter*, 112 Ala. 381. But it is a security to be enforced at law, in the absence of said statutory grounds for suing for the entire term, whether due or not, only when and as the rent matures, and is not paid on demand. If the rent is not due, and the grounds prescribed by the statute for the collection of rent not due do not exist, the attachment at law does not lie.

In Iowa they have a statute similar to ours, without the conditions imposed in the three subdivisions of said section 3070 of the Code. In construing their statute, the Supreme Court of that State hold, that the property used on the demised premises is only subject to be attached and made liable to the payment of the rent as it falls due. They say: "The law affords a remedy only for the enforcement of the lien against property for rent *due*. While the landlord has a lien for his rent on the personal property of the tenant used on the premises, and not exempt from execution, he cannot enforce the lien at law until the rent falls due. He can only enforce it against the property to which the lien attaches, and which remains on the demised premises, or can be found and is capable of identification."—*Garner v. Cutting*, 32 Iowa, 547.

The suit in the case before us, was not instituted on either of the grounds for suing out the writ of attachment for the recovery of rent not due. It sought to recover on a note for $75 for one monthly instalment of rent past due, at the date of the suit, and seven others, in equal amounts, falling due on the first of each month thereafter, respectively, and rested its maintenance on the ground, as set out in the affidavit, that after the first of said rent notes became due, the plaintiff, on the 9th November, 1893, demanded payment of the defendant and he failed and refused to pay the same.

The defendant moved "to strike out so much of the complaint filed, as claims to recover of the defendant for the notes described therein as falling due on the 1st day

[Knight v. Knight.]

of December, 1893, and the 1st days of January, February, March, April, May and June, 1894,'' on grounds, in substance, that it appeared that the suit was commenced on the 9th November, 1893, before the maturity of said notes ; and that there could be no recovery in the action for any instalment of rent except for the one maturing prior to the suing out of the attachment, on the date last stated. This motion was tried, and on its trial, the defendant introduced the affidavit, bond and writ of attachment. The court sustained the motion. In this there was no error. These notes so stricken from the complaint were improper elements of damage, (*Freider v. Lienkauff*, 92 Ala. 469 ; *Jones v. Massey*, 79 Ala. 371), to which objection should be taken by a motion to strike them from the complaint, and not by demurrer.—*Treadwell v. Tillis*, 108 Ala. 262.

The objection raised to the construction given this statute by us, that a suit for one instalment of rent past due, would bar suits on the other instalments as they severally matured, is not pertinent or tenable. The doctrine against splitting a cause of action has no application to rent, which, by the contract of renting, is made payable in different instalments at different dates.— *Campbell v. Hatchett*, 55 Ala. 532 ; *S. & N. R. R. Co. v. Henlein*, 56 Ala. 368.

The court charged the jury, of its own motion, that the plaintiff could recover only for the note payable on the 1st November, 1893, with interest thereon, and this charge was excepted to. Its giving is assigned as error, but it is not insisted on in the argument filed by appellant's counsel. If there was an error here, it was waived.

Affirmed.