# Maddox *v.* Maddox, *et al.*

## *Trover.*

(Decided May 31st, 1906. 41 So. Rep. 426.)

1. *Exceptions, Bill of; Signing; Recitals.*—The concluding paragraph of the bill of exceptions being in this language "And now comes the plaintiff and in term time tenders the foregoing as his bill of exceptions, and asks that the same be signed,

[Maddox v. Maddox, et al.]

which is accordingly done" sufficiently shows that the tendering and signing of the bill were in term time, and that the tendering and signing were contemporaneous.

2. *Landlord and Tenant; Lien; Enforcement; Liability of Third Persons.*—The evidence showed that the defendant had a gin and that plaintiff's tenant carried cotton there to be ginned, and left the seed with defendant which became mixed with a pile of defendant's seed. No claim of purchase was made by defendant. The seed were the property of the landlord charged with his lien, and the defendant, not being a bona fide purchaser for value without notice, could not defeat the landlord's right of recovery.

APPEAL from Coffee Circuit Court.

Heard before HON. JOHN P. HUBBARD.

This was an action by appellant against appellees for the conversion by them of 55 bushels of cotton seed upon which it is claimed appellant had a lien as landlord. The evidence tended to show that the appellant rented land to one Crowley and made him certain advances, all of which have not been paid; that this was for the year 1902; that there was $54 still due him from Crowley on the said rent and advances; that during the fall W. C. Maddox, member of appellee firm, brought a load of Crowley's cotton seed to Elba, sold them, and left the money at a certain place there for plaintiff; that plaintiff received this money, and a few days afterwards plaintiff told defendant not to bother, sell, or handle any of Crowley's crop or cotton seed. The evidence tended further to show that appellees were running a gin, and that Crowley carried two bales of cotton there to be ginned, and left the seed with appellee and mixed with a pile of appellee's seed in appellee's building. The price of seed was shown. The charge given for appellee to which exception was reserved is set out in the opinion. The concluding paragraph in the bill of exceptions is as follows: "And comes the plaintiff, and in term time tenders the foregoing as his bill of exceptions, and asks that the same be signed, which is accordingly done."

H. L. MARTIN, for appellant.—(Counsel discussed the questions involved, but cites no authority.)

[Maddox v. Maddox, et al.]

J. F. SANDERS and RILEY & WILKERSON, for appellee.—
The recitals of the bill of exception do not show affirma-
tively that the bill was signed in term time or within the
time extended by the court.—*Stobler v. Bryan*, 127 Ala.
290; *Morris v. Brandon*, 103 Ala. 602; *Maddox v. Broyles*,
42 Ala. 436.

WEAKLEY, C. J.—We construe the concluding para-
graph of the bill of exceptions as showing that the bill
was signed in term time. It is not open to the construc-
tion that it was tendered in term time and signed at a
time not known. The reasonable interpretation of the
language is that the tendering and the signing of the bill
were contemporaneous. The motion to strike must there-
fore be denied.

The only insistence for appellant is that the circuit
court erred in giving the following charge at the request
of the defendants: "The court charges the jury that if
the seeds were intermixed with the seed of the defend-
ants by Crowley, the owner of the seed, and that he was
not acting for the defendants, and that defendants knew
nothing of the mixing, you must find for the defendants."
In view of the tendencies of the evidence, this charge
should not have been given. The defendants did not
claim to be purchasers. If the cotton seed, charged with
a lien, went into their possession, they were mere volun-
teers, and the property was still charged with the lien in
favor of the landlord.—*Scaife v. Stovall*, 67 Ala. 237;
*Foxworth v. Brown Brothers*, 120 Ala. 59, 24 South. 1.
It is only bona fide purchasers for value without notice
of the lien, or of the facts that, if followed up, would lead
to notice, that are protected.—*Andrews Mfg. Co. v. Por-
ter*, 112 Ala. 381, 20 South. 475. If the defendants ob-
tained and enjoyed the benefit of the cotton seed, to the
destruction of plaintiff's lien, and were not innocent pur-
chasers for value without notice, then it is but just that
they should be liable to plaintiff in an amount not ex-
ceeding the reasonable value of the property, with in-
terest, and not exceeding the indebtedness for the secur-
ity of which the lien existed. Their liability would not de-

[Crew, et al v. Heard.]

pend upon actual knowledge of the act of the tenant in placing the seed on their pile at the gin, but would rest upon the ground that they obtained and enjoyed the benefit of property on which plaintiff had a prior charge or lien, to the destruction of such lien to the plaintiff's consequent injury.

Reversed and remanded.

DOWDELL, ANDERSON, and DENSON, JJ., concur.