(80 South. 424)

MATHERS v. BARROW.    (1 Div. 31.)

(Supreme Court of Alabama.    Nov. 28, 1918.)

1. LANDLORD AND TENANT ⊛➔246(1)—LANDLORD'S LIEN—SAWMILL—LOGS.

Lessor of sawmill has a landlord's lien under Code 1907, § 4747, on logs brought upon premises by lessee.

2. LANDLORD AND TENANT ⊛➔254(3)—LANDLORD'S LIEN—LOSS OF LIEN.

Lessor of sawmill having lien on logs brought upon premises by lessee under Code 1907, § 4747, did not lose lien by conversion of logs into lumber.

3. LANDLORD AND TENANT ⊛➔248(1)—LIEN—ATTACHMENT PROCEEDINGS.

Landlord's lien under Code 1907, § 4747, and its priority do not depend upon landlord's prior resort to attachment proceedings.

4. LANDLORD AND TENANT ⊛➔248(1)—LANDLORD'S LIEN—PRIORITY—SAWMILL MECHANIC'S LIEN.

Landlord having landlord's lien under Code 1907, § 4747, on logs brought upon premises by tenant, did not lose the priority of such lien by reason of conversion of logs into lumber and the lien thereon in favor of mechanic sawing the logs under Acts 1915, p. 374; the sawing of such logs being unnecessary to their preservation as security for landlord.

5. LANDLORD AND TENANT ⊛➔239 — LANDLORD'S LIEN.

Landlord's lien is highly favored by law.

Appeal from Circuit Court, Clarke County; Ben D. Turner, Judge.

Contest between C. E. Mathers and T. J. Barrow, two attaching creditors for priority in the distribution of the proceeds of certain lumber sold under process against one Martin, and arises upon a motion of the sheriff for instruction. From the judgment rendered, Mathers appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and rendered.

Mathers sued out an attachment which was levied on the lumber on September 2, 1917,

and appellee Barrow sued out an attachment which was levied August 27, 1917. Mathers' attachment is to enforce an alleged landlord's lien on the lumber, and Barrow's attachment is to enforce an alleged laborer's lien for the sawing of same. Mathers leased his sawmill, including machinery, buildings, appurtenances and premises to said Martin in June, 1916, to be operated by him. The evidence shows that the logs from which the lumber was sawed were brought to the mill, placed on the ramps, and then on the carriers inside the mill before Barrow performed any labor thereon. At that stage Barrow took charge of them, and sawed them into lumber. He began work on July 3, 1917, and did his work on these logs during the months of July and August. The judgment of the trial court was that Barrow had a prior lien on the lumber sawed by him, and rendered judgment accordingly.

T. J. Bedsole and F. E. Poole, both of Grove Hill, for appellant.

John S. Graham, of Jackson, for appellee.

SOMERVILLE, J. The preliminary question presented by the record in this case is whether Mathers acquired a landlord's lien on the lumber in question under section 4747 of the Code. That section provides that—

"The landlord of any storehouse, dwelling house, or other building, shall have a lien on the goods, furniture, and effects belonging to the tenant, and subtenant, for his rent, which shall be superior to all other liens, except those for taxes."

Our decisions hold that the lien thereby created attaches to any property of the tenant which is brought upon the premises of the rented building, though not kept within the building, if it is used by the tenant in connection with his use of the building (Stephens v. Adams, 93 Ala. 117, 119, 9 South. 529), or if it enjoys the protection of the premises (Nicrosi v. Roswald, 113 Ala. 592, 21 South. 338; Andrews Mfg. Co. v. Porter, 112 Ala. 381, 20 South. 475).

[1, 2] We can discover no sound reason for denying to the landlord, Mathers, the benefit of a statutory lien on the logs brought upon the premises by his tenant, Martin, nor any sound reason for holding that such a lien was lost by the mere conversion of the logs into lumber by the labor of the tenant or his workmen.

[3] Unless this lien was in some way waived by Mathers, it was, under the express terms of the statute, superior to all other liens subsequently created. Obviously, his lien and its priority do not depend upon his prior resort to attachment proceedings, but arise from the relation of landlord and tenant, and the presence of the logs or lumber upon the rented premises during the term

for which the unpaid rent was, or was to become, due.

Barrow's lien is claimed under the act of September 10, 1915 (Sess. Acts 1915, p. 374), which provides that—

"Such lien shall have priority over all other liens, mortgages or incumbrances created subsequent to the beginning of the work or labor done in the getting, cutting, rafting, shipping, hauling or manufacturing of said lumber, timber or cross-ties."

His lien is therefore expressly denied as against pre-existing liens.

His contention, however, is that, inasmuch as Mathers knew that the logs were to be sawed into lumber by his tenant's employés, as a necessary incident of the business of operating the sawmill, an implication arises that he authorized and consented to the creation of Barrow's lien for sawing, and thereby waived the priority of his own lien, and postponed it in favor of Barrow's.

There are undoubtedly a number of well-reasoned cases which seem to establish the doctrine that, where a prior lienholder (usually a mortgagee) leaves the property in the custody of its general owner for an indefinite time, and the nature and use of the property is such that it can be preserved, and its value as a security maintained, only by repairs by skilled mechanics from time to time, the lien given by law to such mechanics will prevail over the prior lien. This is upon the theory that the general owner is, by the very circumstances of the case, authorized by the prior lienholder to impose such a charge, as his agent by necessary implication. J. C. Walden Auto Co. v. Mixon, 196 Ala. 346, 71 South. 694; Watts v. Sweeney, 127 Ind. 116, 26 N. E. 680, 22 Am. St. Rep. 615; Drummond Carriage Co. v. Mills, 54 Neb. 417, 74 N. W. 966, 40 L. R. A. 761, 67 Am. St. Rep. 719.

[4] We do not think, however, that the present case falls within that principle. While the sawing of the logs was in the necessary course of Martin's business of saw-milling, and was beneficial to him, it cannot be said that it was necessary to preserve the logs as a security for Mathers' rent. And the fact that Barrow did his work of sawing in the usual course of the sawmill business implies that he did it for Martin and not for Mathers, as the latter's agent by implication.

[5] The lien of the landlord is highly favored by law, and it would be contrary to that expressed policy to hold that it has been waived in this case upon an implication of such doubtful validity.

Counsel for appellee raises the question of the propriety of Mathers' resort to attachment proceedings, in that the evidence does not show that Mathers made a preliminary demand for the payment of the rent which was refused by Martin.

That, however, is a question between Mathers and Martin, and is not material to the present controversy. With or without an attachment suit by Mathers, it was the sheriff's duty to pay him enough of the proceeds to discharge his lien. Smith v. Huddleston, 103 Ala. 223, 15 South. 521.

The judgment of the circuit court will be reversed, and a judgment will be here rendered directing the sheriff to pay the fund in question to the claimant, Mathers, after first satisfying the costs of court properly assessed.

Reversed and rendered.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.