(127 So. 194)

**DIXON, Constable, et al. v. BASHFORD.**

**1 Div. 591.**

Supreme Court of Alabama.

March 27, 1930.

J. G. Bowen and G. B. Dunning, both of Mobile, for appellants.

D. P. Moore, of Mobile, for appellee.

626

FOSTER, J.

An attachment for the rent of a dwelling house was issued by a justice of the peace, and was placed in the hands of the constable, who levied it upon a Ford car as the property of the tenant. The tenant's wife brought this suit against the constable and his bond, claiming the car as hers. Plaintiff's husband, Sam D. Bashford, rented from the plaintiff in attachment, M. W. Wright, a dwelling house, and executed a written lease for the term of one year from November 1, 1926, to November 1, 1927. The tenant with his wife, this plaintiff, went into the occupancy of the house and premises. While so occupying them, the tenant purchased the car in question, and brought it upon the premises, where it was kept, used, and stored in the garage.

Plaintiff testified to these facts, and that the tenant took out the license in his own name, and that about a week or ten days thereafter he gave her the car and executed a bill of sale; that he bought the car for her; that during the week or ten days the car was being stored on the premises; that she paid nothing for it. She and her husband both used it. It was purchased May 21, 1927, and the bill of sale to plaintiff was dated June 11, 1927, on which day the license was transferred to her. This shows that the tenant was the owner of the car for about twenty days, and during that time was kept upon the rented premises, and there was no evidence to the contrary.

Section 8814, Code, gives to the landlord of a dwelling a lien upon the goods, furniture, and effects of the tenant. These terms have been construed to mean that the lien extends to such property of the tenant as is brought upon and enjoys the protection of the premises and used by the tenant in connection with, and enjoyment of, such premises. Mathers v. Barrow, 202 Ala. 342, 80 So. 424. It extends to "mules, cows or other personal property belonging to the tenant, kept on the lot" [hotel property] and used in connection with it. Stephens v. Adams, 93 Ala. 117, 9 So. 529. This lien attaches to such property as soon as it is brought upon the premises, and extends to the amount of the rent for the entire term of the lease contract, from the commencement of the tenancy for the security of the rent when it matures. Nicrosi v. Roswald, 113 Ala. 592, 21 So. 338; Andrews Mfg. Co. v. Porter, 112 Ala. 381, 20 So. 475.

Such lien continues "so long as the property can be found and identified, provided it has not come into the hands of a bona fide purchaser for value without notice of the lien." Nicrosi v. Roswald, supra, page 596 of 113 Ala., 21 So. 338, 339.

Plaintiff testified that she paid no value, that the car was bought and paid for, and be-

came the property of her husband, and in effect that it "enjoyed the protection of the premises for which the rent is claimed," for a period of one week or ten days, and there is nothing to contradict the effect of such evidence. She also testified that she knew that her husband had leased the premises. She was in no sense an innocent purchaser for value. The landlord's lien for rent, therefore, was superior to plaintiff's claim.

Upon such evidence defendants were entitled to the affirmative charge which was refused them.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.