Relief from this court is requested by an original petition for writ of mandamus. Petitioner is a former radio announcer known as William (Billy) Martin, residing in an apartment unit of East Bay Apartments, a complex located in Baldwin County. On January 13, 1982 respondent, East Bay Apartments, filed an action seeking damages for breach of a lease agreement against petitioner in the District Court of Baldwin County. It was alleged that Martin had defaulted in making rent payments under his lease for a period of three months, and had failed to pay late charges as required by the lease. The damages *Page 816 
requested amounted to $2,280.00. Along with its complaint, respondent filed a petition for a writ of attachment and an accompanying affidavit of the resident manager of the apartment complex. The affidavit alleges that petitioner is in default for three months' rent and applicable late charges, and that the affiant believes that petitioner "intends to move to Florida, outside the jurisdiction of the courts of Baldwin County, Alabama in the event collection procedures are commenced against him." The affidavit failed to contain a statement to the effect that the writ was not sued out solely "for the purpose of vexing or harassing the defendant," as required by § 35-9-62, Code 1975, the provision dealing with a landlord's lien on the tenant's possessions for rent due and owing.
The district court granted respondent's petition for a writ of attachment. On January 19 respondent filed an attachment bond in double the amount of the damages requested, and on January 20 a writ of seizure and attachment was issued. Petitioner was duly notified, and the sheriff seized an automobile and two queen-size beds belonging to petitioner.
Thereafter, on January 25, petitioner, pursuant to A.R.C.P. 64 (b) and the notice contained in the attachment order of the district judge, filed a written request for a hearing on the dissolution of the writ and a motion to quash.
The hearing was held on January 27. At that time respondent filed an amendment to the original affidavit, containing averments that demand for the sums due had been made and refused, that petitioner had fraudulently disposed of certain items of his personal property, and that the writ was not sued out solely to vex or harass the defendant. The amended affidavit was accepted by the district judge over petitioner's objection. The record before us does not contain a copy of the district court order or the transcript of the proceedings, but it does contain enough information to permit us to determine that petitioner's motion to quash or dismiss the writ of attachment was denied.
On February 10 petitioner filed a petition for writ of mandamus in the circuit court, pursuant to that court's supervisory jurisdiction as contained in § 12-11-30, Code 1975. The petition was denied, and on February 17 petitioner renewed his petition in this court, pursuant to § 12-3-11, Code 1975.
Petitioner asserts four grounds for the issuance of a writ of mandamus directing the dismissal of the writ of attachment. He first alleges that the original affidavit filed by respondent in conjunction with the request for a writ of attachment was invalid for failure to allege that the writ was not sued out solely "to vex or harass the defendant," as required by §6-6-44, Code 1975, the provision dealing with the general law of attachment. Petitioner argues that the requirement is a substantive one, and that such a defect in the affidavit is not amendable under the authority of Hall Curry v. Brazelton,46 Ala. 359 (1871). He further argues that a defective affidavit is equivalent to no affidavit at all, and that, pursuant to §6-6-142, Code 1975, the writ is due to be dismissed.
We disagree with petitioner's contention. We would first point out that § 35-9-62, Code 1975, dealing with attachment as a means of enforcing a landlord's lien on property of the tenant, and § 6-6-44, Code 1975, the general law of attachment,[1] both require that language to the effect that the writ of attachment is not sued out solely "to vex or harass the defendant" be contained in the affidavit. It is undisputed that the original affidavit did not contain the precise statutory language required for the proper issuance of the writ.
Although the original affidavit did not contain the required statutory language, the trial court permitted an amendment to the affidavit to include the required language. *Page 817 
Both §§ 6-6-143 and 35-9-62 permit "the plaintiff, before or during the trial . . . to amend any defect of form or of substance in the affidavit." Consequently the trial court properly permitted the amendment to the affidavit.
The cases relied on by petitioner involved a construction of the Code of 1867, which provided that a defect in substance of the affidavit in attachment proceedings could not be cured by amendment. § 2990, Code 1867. See Hall Curry v. Brazelton,supra. As noted above, the legislature has changed the law. Thus there is no procedural defect in the issuance of the attachment writ.
Petitioner's next two allegations concern the actions of the district judge at the January 27 hearing. We would point out, however, that the underlying suit against petitioner is based upon a landlord's statutory lien on the tenant's personal property as provided by § 35-9-60 through -65, Code 1975. The right to a hearing on the dissolution of a writ of attachment under A.R.C.P. 64 (b) is restricted to actions involving the recovery of specific personal property under the detinue statute, "or any other provision of law whereby the owner of a security interest in personal property seeks to recover possession of said personal property prior to judgment." The enforcement of a landlord's lien does not fall into any of the categories enumerated by rule 64 (b).
Rather, the provisions of A.R.C.P. 64 (a) are applicable to the present proceedings. Rule 64 (a) provides that "all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstancesand in the manner provided by law." (Emphasis supplied.) Moreover, the Committee Comments on rule 64 provide that:
 ARCP 64 (a) makes available all statutory procedures for seizure of person or property except to the extent that these laws are invoked for the purpose of recovery of a security interest in personal property prior to judgment. An effort to use these laws in the excepted area calls into play the additional requirements of ARCP 64 (b).
Under the provisions of § 35-9-60 through -65, Code 1975, petitioner is not entitled to a hearing on the issue of dissolution of the writ of attachment. Errors alleged to have taken place at the January 27 hearing are, therefore, irrelevant to the resolution of the present case.
Petitioner lastly contends that the automobile seized by the sheriff under the writ of attachment is not within the class of property covered by a landlord's lien. Petitioner argues that a landlord's statutory lien extends only to those items of personal property contained within the four walls of the rented apartment. That contention is without merit. A landlord's lien on the goods, furniture and effects of the tenant extends to such property of the tenant as is brought upon and enjoys the protection of the premises and is used by the tenant in connection therewith. Dixon v. Bashford, 220 Ala. 625,127 So. 194 (1930). That class of property covered by the lien has been extended to include all property kept on the premises and used in connection with the tenancy, whether inside or outside of the leased premises. Stephens v. Adams, 93 Ala. 117, 9 So. 529
(1891). Respondent's lien would therefore extend to the property of petitioner used on the common ways and parking areas of the apartment complex. Petitioner's automobile would be squarely within the scope of coverage. See Dixon v.Bashford, supra.
For the reasons above stated, petitioner's request for a writ of mandamus is denied.
WRIT DENIED.
WRIGHT, P.J., and HOLMES, J., concur.
[1] The general law of attachments, § 6-6-30 through -168, governs cases such as the one before us, insofar as its provisions are not inconsistent with the provisions of §35-9-60 through -65, dealing with landlords' liens. § 35-9-64, Code 1975. *Page 818