JACOB TABERT *vs.* G. C. COOLEY.

June 23, 1891.

Malicious Prosecution — Evidence — Facts Prosecutor should have Known.—Upon the trial of an action for malicious prosecution, the plaintiff, when attempting to establish a want of probable cause, is not confined to proof of such facts as he can affirmatively show were actually known to defendant, but may also prove the existence of such open and notorious facts as would or should have been ascertained by the latter, had he, before instituting the proceedings, made such inquiry and investigation as any one with honest motives, and not actuated by malice, would have made.

Appeal by defendant from an order of the district court for Jack-son county, *Perkins*, J., presiding, refusing a new trial after verdict of $300 for plaintiff.

*L. F. Lammers* and *T. J. Knox*, for appellant.

*J. G. Redding*, for respondent.

COLLINS, J. This was an action for malicious prosecution, and, un-der the issues as presented by the pleadings, defendant having ad-mitted a criminal prosecution by him which terminated in plaintiff's acquittal or discharge, it was incumbent upon the latter to show that the prosecution was without probable cause, and originated in de-fendant's malice. The proof of this want of probable cause, although a negative proposition, was on the plaintiff, as is always the case with such issues. He had been prosecuted for the crime of the lar-ceny of a horse, which he had taken from defendant's possession under a claim of title. To establish want of probable cause on de-fendant's part, the plaintiff had shown that about noon of a certain day he proceeded to defendant's barn in a small village, where he was well known, took the animal out, rode it through the public streets, passing and speaking with several acquaintances, and from thence to his farm, about 14 miles distant. The defendant knew where he resided, and had been personally acquainted with him for years. Defendant immediately made complaint to a justice of the peace, charging a larceny of the horse, procured a warrant, placed it in the hands of a deputy-sheriff, and before night the deputy had reached the farm, arrested the plaintiff, and with him and the horse was on his return to the village. The officer was one of plaintiff's witnesses, and, notwithstanding defendant's objection, was permitted to testify that he found the plaintiff openly at work in his field, hauling flax upon a wagon drawn by a pair of horses, that in dispute being one. The defendant contends that in admitting this testimony the trial court erred, greatly to his prejudice, because, as he insists, his acts and conduct were to be weighed in view of what appeared to him when he made the complaint, and not in the light of facts appearing subsequently; citing *Stewart* v. *Sonneborn*, 98 U. S. 187. Even if this evidence was inadmissible, its reception was error without prejudice, for all that it tended to prove was a fact

already established by the testimony, and which was not controverted on the trial, viz., that the taking and appropriation of the horse by the plaintiff was open and public, without stealth or concealment. But in our opinion the evidence was properly admitted. Conceding the rule to be, as it doubtless is, that, in determining whether defendant acted without probable cause, his conduct is to be weighed in view of what appeared to him when he made the complaint, and not in the light of subsequently appearing facts, yet, when establishing want of probable cause, the plaintiff is not confined to the proof of such facts as he can affirmatively show were actually known to the defendant, but may also prove the existence of such open and notorious facts as the defendant would or should have ascertained had he, before instituting the proceedings, made such inquiry and investigation as any man with honest motives, and not actuated by malice, would have made. Now, the importance of the officer's testimony consisted not in the particular fact that the plaintiff was hauling flax with the animal, but in the general fact that he was keeping and using it openly, and without any attempt at concealment. While the particular time of which the sheriff testified was subsequent to the making of the complaint by defendant, yet the manner and conduct of the plaintiff at that time constituted, under all the circumstances, a legal basis for the inference that it was but a continuation of the same open and unconcealed manner and course of conduct which he had previously pursued, and which the defendant should and would have ascertained had he made the investigation which he ought to have made, instead of shutting his eyes to facts easily to be discovered. The remaining assignments of error need no special consideration.

Order affirmed.