# O'Neal *v.* McKinna.

*Action to recover Damages for False Imprisonment and Malicious Prosecution.*

1. *False imprisonment; sufficiency of complaint.*—In an action for false imprisonment, a count of the complaint which claims "one thousand dollars damages for unlawfully causing plaintiff to be arrested and imprisoned, against the will of plaintiff, on a charge of obtaining goods by false pretenses, for one day, namely on the 7th day of September, 1894," is sufficient and is not subject to demurrer on the grounds that it failed to show that the defendant acted without probable cause in the alleged arrest and imprisonment, and that it did not aver that the alleged arrest and imprisonment was without a warrant or legal process.

[O'Neal v. McKinna.]

2. *Same; when action can not be maintained.*—In an action brought to recover damages for false imprisonment, when it is not shown that the imprisonment complained of was other than by a lawful officer under a legal warrant of arrest duly issued by a magistrate upon a complaint under oath regularly made by the defendant according to the statute, charging the plaintiff with a statutory offense, and there is no evidence that the defendant otherwise took any part in the plaintiff's arrest or imprisonment, such action can not be maintained; the elements of false imprisonment not being proven.

3. *Same; secondary evidence of complaint and warrant of arrest; when inadmissible.*—In an action to recover damages for malicious · prosecution, where, as preliminary to the admission of oral evidence of the contents of the complaint and warrant of arrest, the magistrate before whom the complaint was made and who issued the warrant, testifies that the papers were returned to him and according to his best recollection were left by him with the grand jury, and that he had not seen or heard of them since; that he had made diligent search among his own papers, in the places where those in question would have been if he still had them, but had failed to find them, and it was further shown that the clerk of the court had made an unsuccessful search for such complaint and warrant of arrest among the papers which the foreman of the grand jury had delivered to him, as clerk, upon the adjournment of that body at the term of the court referred to by the magistrate, but no member or officer of the grand jury was examined to ascertain whether all of the papers which came into the hands of the grand jury at that time were delivered to the clerk or not, and if they were not, no effort was shown to have been made to find and make search among those not delivered, such evidence is an insufficient predicate to render admissible secondary evidence of the contents of the complaint and warrant of arrest.

4. *Same; inadmissible evidence.*—In an action for malicious prosecution, wherein the plaintiff complained that the defendant had the plaintiff arrested and imprisoned on a charge of obtaining goods by false pretenses, evidence that the plaintiff, shortly before his arrest, tried to get one of the witnesses examined on the stand to carry some of his teams to Florida, to prevent their attachment for the debt due by the plaintiff to the defendant, is irrelevant to any issue in the cause and is inadmissible.

5. *Evidence; when answer admissible, although not responsive to question.*—Where to a question asked a witness, his answer is not responsive, but is independently relevant to the issue being tried, it is admissible, and the opposite party can not complain that the court refused to exclude such answer; and being relevant evidence only the party whose question elicited it can complain that it was not responsive.

6. *Malicious prosecution; admissibility of conversation between plaintiff and defendant.*—In an action to recover damages for malicious prosecution wherein the plaintiff complained that the defendant had him arrested and imprisoned on a charge of obtaining goods by false pre-

[O'Neal v. McKinna.]

tenses, the testimony of the plaintiff that in a conversation had with the defendant, upon something being said about the charge of false pretenses, he told the defendant that he had not obtained any goods by false pretenses, and the defendant said "if it was not false pretenses, fine lawyers would make it look mighty like false pretenses," is admissible in evidence as shedding some light on the question of malice and good faith in instituting the prosecution.

7. *Same; what necessary to maintain the action.*—In order to maintain an action to recover damages for malicious prosecution, the plaintiff must show to the reasonable satisfaction of the jury that the proceeding was instituted maliciously and without probable cause for believing the party proceeded against was guilty of the charge preferred.

8. *Same; inference of the existence of malice from the want of probable cause.*—The malice necessary to maintain an action for a malicious prosecution may be inferred from a want of probable cause for believing the person proceeded against was guilty of the charge preferred; but in such action, when there is any evidence tending to show that there was probable cause for believing that the party proceeded against was guilty of the charge preferred, or that the prosecutor honestly believed there was such cause, whether a want of probable cause alone justifies an inference of malice is a question for the jury to determine from all the evidence introduced.

9. *Same; sufficiency of evidence; charge to the jury.*—In an action to recover damages for malicious prosecution, wherein the plaintiff was charged by the defendant and proceeded against for obtaining goods by false pretenses, if, admitting to be true every fact of which the defendant claims to have been informed and upon which he acted, the plaintiff was not guilty of the statutory offense of obtaining goods by false pretenses, a charge which instructs the jury that "there is no proof in this case that the plaintiff was guilty of the charge of obtaining goods under false pretenses, is free from error and is properly given.

10. *Same; advice of counsel; sufficiency of defense.*—In an action to recover damages for malicious prosecution, where the defendant shows that, before commencing the prosecution on which the action is founded, he fully and fairly stated to a reputable practicing attorney all the facts within his knowledge and all which he could obtain by the exercise of reasonable diligence, touching the question of the plaintiff's guilt of the offense charged, and upon asking the attorney's advice as to whether or not upon such facts there was probable cause for believing the plaintiff guilty, he was advised that upon the facts stated he was guilty, and that relying, in good faith, upon this advice, he instituted the prosecution, there is presented a complete defense to the whole action.

11. *Same; same; charge to the jury.*—In an action for malicious prosecution, notwithstanding the defendant may have introduced evidence to show that the prosecution instituted by him was upon

[O'Neal v. McKinna.]

the advice of counsel, given after a full and fair statement of all the facts known to him, or which, by proper diligence, he could have ascertained, a charge to the jury which instructs them that the defendant is liable in the present action, if he began the prosecution maliciously and without probable cause, is correct and properly given, though no express reference is therein made to the advice of counsel; since a prosecution could not be said to have been malicious and without probable cause, if the legal· advice was obtained and acted upon in good faith by the defendant.

12. *Same; charge to the jury.*—In such a case, where there is no evidence to show injured reputation or wounded feelings, a charge to the jury is erroneous which assumes as a fact, instead of leaving it to the jury to determine, that the plaintiff had suffered wounded feelings and injured reputation.

13. *Advice of counsel; charge to the jury.*—In such a case, charges to the jury which predicate plaintiff's right of recovery upon the defendant's failure to state all the facts known to him, or which he could have ascertained by diligence, fully and truly to an attorney "learned in the law" and for his not acting honestly upon the advice of such attorney, are calculated to mislead the jury; since, under the rule, the advice of a "reputable practicing attorney" will protect the prosecutor—the other conditions being present—whether in fact said attorney is "learned in the law" or not.

14. *Same; same; same.*—In such a case a charge requested by the defendant which instructs the jury that if the defendant "made a full and fair statement of all facts within his knowledge, and such as he could ascertain by proper diligence, to his lawyer * *, and said lawyer thereupon advised that the prosecution could be maintained, the verdict will be for the defendant," is erroneous and properly refused, for the reason that the charge did not hypothesize that the defendant acted in good faith upon the advice of his attorney.

15. *Charge to the jury; when properly refused though asserting correct propositions.*—Where a charge requested asserts a correct legal proposition, but is inapplicable to the facts of the case, it is properly refused as being abstract.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. J. W. FOSTER.

This action was brought by the appellee, A. T. McKinna, against the appellant, C. A. O'Neal. The complaint contained two counts as originally filed. In the first count one thousand dollars damages were claimed for "maliciously and without cause therefor arresting and imprisoning the plaintiff, or causing the plaintiff to be arrested and imprisoned on a charge of obtaining goods by false pretenses for one day, viz., on the 7th day of September, 1894." The second count was for

39

malicious prosecution, and was in the form set out in form 20, Code of 1886.

Plaintiff by leave of the court filed an additional count to his complaint, marked "Count 3." In said count plaintiff claimed "one thousand dollars damages for unlawfully causing plaintiff to be arrested and imprisoned against the will of plaintiff, on a charge of obtaining goods by false pretenses, for one day, viz., on the 7th day of September, 1894." Defendant demurred to this 3d count and assigned the following grounds of demurrer: "1st. It is not shown by said count when plaintiff was arrested and caused to be imprisoned by defendant. 2d. It is not shown from said count that defendant acted without probable cause in the alleged arrest and imprisonment of plaintiff. 3d. It is not averred in said count that the alleged arrest and imprisonment of plaintiff was without a warrant or legal process." This demurrer, as shown by the judgment entry, was overruled by the court.

There were several pleas to which demurrers were interposed, and there were replications filed on behalf of the plaintiffs, to which demurrers were interposed; but under the opinion it is unnecessary to set these pleadings out in detail.

M. F. Cowan, a witness for the plaintiff, testified, that he was on September 7th, 1894, an acting justice of the peace for Geneva county; that there was an affidavit made before him and a warrant issued for the arrest of plaintiff; that he did not know where the said affidavit and warrant were, but that his best recollection was that he left the same with the grand jury of said county, at the fall term of 1894 of said court; that if he did not leave it with the grand jury he would have put it with his other papers, that he had searched for the affidavit and warrant among the papers in the places where the affidavit and warrant were likely to be found and where he usually kept such papers and was unable to find them; that his best recollection was he left the papers with the grand jury and has not seen or heard of them since.

Upon the introduction of R. J. Purvis, clerk of the circuit court for Geneva county, as a witness, he was asked by plaintiff to state if the papers used in evidence before the grand jury at the fall term, 1894, of the cir-

cuit court of said county were turned over to him at the adjournment thereof? The defendant objected to this question on the grounds : 1st, that said evidence thus called for would be illegal, irrelevant and incompetent. 2d, that it did not appear that the affidavit and warrant for the arrest of plaintiff were turned over to the witness by the grand jury at adjournment. 3d, that it did not appear that all the papers in use by the grand jury at said session were turned over to witness ; and 4th, that witness was not the proper custodian of said papers. The court overruled the objection, and the defendant duly excepted. The witness replied to the question that ''the docket and all the papers were turned over at the adjournment of that particular term by its foreman. The defendant moved to exclude the answer of the witness upon the grounds stated in its objection to the question just asked. The court overruled the motion, and the defendant duly excepted. The witness further testified that he had made search for the affidavit and warrant in this case and that his search was made in places he usually kept such papers ; that he was unable to find them after a diligent and careful search. This witness further testified, on cross-examination, that he did not know whether or not the said grand jury ever had in its possession the said affidavit and warrant for the arrest of plaintiff ; that he did not know whether the said grand jury destroyed said papers or not ; that he did not know that the said grand jury turned over to him all the papers they had at its said session ; that the foreman of said grand jury turned over to him the indictment record and a batch of papers which they had in its possession at the said term ; that he made diligent search and could not find the affidavit and warrant—looking through carefully the said batch of papers delivered by the foreman of said grand jury and could not find them ; that he never saw affidavit and warrant and did not know that the same was ever turned over to him.

On re-direct examination of the said Purvis he was asked the following question by plaintiff : ''Is it not a fact that the custom at this court is, when the grand jury adjourns, that the foreman of the grand jury turns over to the clerk of the circuit court the indictment record or docket, together with the papers other than the indictments before the grand jury?'' To this question

the defendant objected upon the grounds : 1st, that the evidence thus called for was illegal, irrelevant and incompetent, and also that it did not appear that the witness had any knowledge of any such custom ; 2d, that the said witness, as clerk, was not the proper custodian of said papers ; 3d, that it did not appear that the particular affidavit and warrant in this case was ever turned over to the said witness, as clerk ; and 4th, that it did not appear that the said grand jury did not destroy said papers. The court overruled the objection, and the defendant excepted. The witness replied to said question, "that the custom was as stated in the said question ; that is, when the grand jury adjourns, the foreman of the grand jury turns over to the clerk of the circuit court the indictment record or docket, together with the papers other than the indictments before the grand jury." The defendant moved the court to exclude the answer of said witness upon the grounds stated in the objection to the question relating to such custom. The court overruled the motion, and the defendant duly excepted. This witness further stated that he did not know that it was the habit of the grand jury to turn over all papers they had before them. Defendant again moved to exclude his testimony relating to the custom upon the grounds stated above, and the court overruled the motion, and the defendant duly excepted.

The said witness Cowan was again introduced and the following question was asked him by plaintiff : Please state who made the affidavit for the arrest of plaintiff, and then state its contents as well as you can recollect. The defendant objected to this question upon the ground that "no sufficient predicate had been made for the introduction of secondary evidence of the contents of said affidavit." The court overruled the objection and the defendant excepted. The witness replied to said question, that defendant swore out the warrant for the arrest of plaintiff, and it charged him with obtaining goods by false pretenses. The defendant moved the court to exclude the said answer upon the grounds : 1st, that no sufficient predicate had been laid for the admission of secondary evidence, and the contents of said affidavit ; and 2d, that it did not appear that said affidavit had been lost or destroyed, and that it did not appear but that said affidavit was still in the possession of the

said grand jury or some member of said body. The witness further stated the contents of the warrant issued by him upon the affidavit, against the objection and exception of defendant; and the defendant moved the court to exclude the evidence touching the contents of said warrant upon the same grounds as were made for the exclusion of the contents of said affidavit, but the court overruled the motion, and defendant excepted.

Upon the introduction of one Broxson as a witness, he testified that he heard the defendant state to the plaintiff that if he did not pay the debt which was due the defendant and one R. Tillis, he would have the plaintiff arrested. Upon this witness further testifying that he was a brother-in-law of the plaintiff, the defendant then asked the witness the following question : "Did not McKinna try to get you, just shortly before the arrest, to run some teams of his off into Florida to prevent them from being attached for the debt due by plaintiff to defendant and R. Tillis?" The plaintiff objected to the question, the court sustained the objection and the defendant excepted. It was further shown that the plaintiff was arrested, tried on the charge of obtaining money under false pretenses; that this prosecution was commenced by the defendant; and that upon the hearing of the cause the plaintiff was discharged.

The defendant introduced as a witness one M. E. Milligan, who testified that he was an attorney and had practiced law for thirteen years, and that upon the statement of all the facts relative to the dealings between the plaintiff and the defendant, he advised the defendant that the plaintiff was guilty of obtaining goods by false pretenses, and that thereupon the affidavit and warrant for arrest of the plaintiff were made out by the defendant.

Upon the introduction of the defendant as a witness in his own behalf, he testified to the facts relative to the transactions had between him and the plaintiff, and that after making a fair and full statement of these facts to his attorney, Mr. Milligan, he, acting upon the advice received from him, made the affidavit charging the plaintiff with receiving goods under false pretenses, and it was upon this affidavit with the warrant of arrest so issued that the plaintiff was prosecuted.

Upon the introduction of all the evidence, the court

at the request of the plaintiff gave to the jury the following written charges: (A.) "The malice necessary to maintain an action for a malicious prosecution or for false imprisonment may be inferred from a want of probable cause for believing defendant guilty." (B.) "There is no proof in this case that plaintiff was guilty of the charge of obtaining goods under false pretenses." (C.) "If the jury believe from the evidence that on the 7th day of September, 1894, defendant maliciously and without probable cause therefor caused the plaintiff to be arrested under a warrant sworn out by defendant and issued by witness Cowan as justice of the peace, on a charge of obtaining goods by false pretenses, and that said charge was before the commencement of this suit judicially investigated and said prosecution ended and the plaintiff discharged, then they must find for the plaintiff. And in assessing plaintiff's damages they may assess such smart money or vindictive damages as in their judgment will be just compensation to plaintiff for his wounded feelings and injured reputation from being charged with the commission of crime, and as will be a just punishment of defendant for his wrongful conduct towards plaintiff in causing him to be arrested and imprisoned." (D.) "If the jury believe from the evidence that on the 7th day of September, 1894, defendant maliciously and without probable cause therefor caused plaintiff to be arrested and imprisoned on a charge of obtaining goods by false pretenses, then they must find for the plaintiff, and assess such damages as in their discretion and judgment shall be just compensation for his wounded feelings." (E.) "Unless the jury believe from the evidence that defendant honestly sought the advice of a lawyer learned in the law, in good faith, he can not shield himself behind such advice." (F.) "Unless the jury believe from the evidence that all the facts known to the defendant, or which he could have ascertained by diligence, were fully and truly laid before an attorney learned in the law, the advice of such attorney is no protection to him." (G.) "The burden is on the defendant to show that he laid all the facts known to him, or which he could ascertain by due diligence, before an attorney learned in the law, and that in good faith he sought such advice and acted upon it." The defendant separately excepted to the giving of each

of these charges, and also separately excepted to the court's refusal to give each of the following charges requested by him : . (16.)  "The court charges the jury that if O'Neal had reasonable ground of suspicion which was supported by facts strong enough to warrant a cautious man in the belief that plaintiff was guilty of the offense charged, he is not liable in this case, and the verdict will be for the defendant."   (17.)   " The court charges the jury that under the facts in this case, the defendant is entitled to your verdict on the first count in the complaint.". (18.)   "The court charges the jury that under the facts in this case the defendant is entitled to your verdict on the second count of the complaint." (19.)  "The court charges the jury that under the facts in this case the verdict will be for the defendant on the third count of the complaint."   (5.)   "If the jury believe from the evidence in this case that O'Neal fully and fairly stated to his counsel all the facts which he knew, or by proper diligence could know, to be capable of proof, and was advised by his counsel that these facts were sufficient to sustain a prosecution of plaintiff, he is not liable in this action unless he acted in bad faith.". (11.)  "The court charges the jury that if O'Neal made a full and fair statement of all facts within his knowledge, and such as he could ascertain by proper diligence to his lawyer Milligan, and said lawyer thereupon advised that the prosecution could be maintained, the verdict will be for defendant."   (8.)  "If the jury believe from the evidence that before the institution of the prosecution against plaintiff, the defendant in this action fairly and truly stated all the facts to counsel, and, after the advice of counsel, instituted the prosecution against plaintiff, then the verdict of the jury should be for the defendant."   (C.)  "If the jury believe the evidence, the verdict will be for defendant."

There were verdict and judgment for the plaintiff, assessing his damages at $250.  The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

M. E. MILLIGAN, for appellant, cited *Jordan v. A. G. S. R. R. Co.*, 81 Ala. 210 ; *Steed v. Knowles*, 79 Ala. 446 ; 2 Waits Act. & Def., 343–346.

SOLLIE & KIRKLAND and J. J. MORRIS, *contra*.

HEAD, J.—This case, when divested of its unnecessary special pleading and rulings thereon, none of which raises any issue which the plea of not guilty would not have presented, is less complicated than at first view appears. There are three counts of the complaint, the first and third being in trespass for false imprisonment, and the second, case for malicious prosecution. Neither of the counts was subject to the demurrer interposed to it.

There was, on the trial, no claim on the part of the plaintiff, that the imprisonment complained of was other than by a lawful officer, under a legal warrant of arrest, duly issued by a magistrate upon a complaint, under oath, regularly made by the defendant, according to the statute, charging the plaintiff with the offense of obtaining goods by false pretenses. It is not pretended that the defendant otherwise took any part in the plaintiff's arrest or imprisonment. This being so, there can be no recovery by the plaintiff on the first and third counts, and they may as well be eliminated from the case.—*Rhodes v. King*, 52 Ala. 274; *Rich v. McInnery*, 103 Ala. 345. Unless a different case is made on another trial (which is not reasonably to be anticipated), the plaintiff must be confined to his action for malicious prosecution upon the second count of the complaint; and to this the plea of the general issue is all that is necessary to make any defense indicated by the present record. Upon the trial of that count the general issue will make it incumbent upon the plaintiff to introduce the complaint and warrant of arrest, or legally account for their absence. On the trial appealed from it was shown by the testimony of the magistrate who issued the warrant that the papers were returned to him, and according to his best recollection were left by him with the grand jury, at the fall term, 1894, of the court, and he had not seen nor heard of them since. He made the necessary and proper search among his own papers, where those in question ought to have been, if he still had them, without success. The only other effort to find them was an unsuccessful search made by the clerk of the court among the papers which the foreman of the grand jury delivered to him, as clerk, upon the adjournment of that body, at said term. No member or officer of the grand jury was examined to ascertain whether all

the papers which came into the hands of the jury at that term were delivered to the clerk or not, and if they were not, no effort was made to find and make search among those not delivered. We think, under the authority of *Boulden v. State*, 102 Ala. 78, a case very similar to the present on this point, the proof of loss was not sufficient to let in secondary evidence of the contents of the affidavit and warrant. The opinion, in the case *supra*, will indicate wherein the proof was deficient. Nor do we think the custom of the foremen of grand juries to turn over the papers before the grand jury to the clerk, upon adjournment of court, of which proof was admitted, could be properly looked to by the court to supply a missing link in the evidence necessary to admit the proposed secondary evidence. Such a custom might be considered in aid of other evidence tending to show that all the papers which went into the possession of the grand jury, at the particular term in question, were delivered to the clerk.

Whether or not the plaintiff, shortly before his arrest, tried to get the witness, Broxson, to run some teams of his to Florida to prevent their attachment for the debt due by plaintiff to defendant and R. Tillis, was in no wise relevant to any issue in the cause, and proof on the subject was properly disallowed.

The plaintiff testified to certain conversations had by him with defendant, and statements therein made by defendant, having a tendency to show malice on his part in suing out the warrant. The court properly permitted the plaintiff to be asked, if he made any reply to what the defendant said. The whole conversation, what was said by both parties, was admissible. The answer of the witness, however, that he had not given defendant a mortgage, and that defendant said he wanted a mortgage on the team, was not responsive. It was, however, a material fact and part of the conversation, was independently relevant and admissible, and defendant cannot complain that the court declined to exclude it. Being relevent evidence, the party whose question elicited it only can complain that it was not responsive.

It was proper, as shedding some light on the question of malice and good faith in instituting the prosecution, to permit the plaintiff to testify that, in the conversation, something was said about the charge of false pre-

tenses; that he told defendant that he did not obtain any goods by false pretenses, and that defendant said, "if it was not false pretense fine lawyers would make it look mighty like false pretenses."

It is necessary to the maintenance of the action of malicious prosecution, that the plaintiff show to the reasonable satisfaction of the jury, that the proceeding was instituted maliciously and without the existence of facts or circumstances sufficient to create probable cause for believing the party proceeded against was guilty of the charge preferred. Both these essentials, viz., malice and want of probable cause, must be shown to have existed, or the action fails. It is in the interest of the public that offenders be brought to justice; and, in all cases, where there is probable cause for believing a person has committed a criminal offense, the prosecution of which is demanded by the public welfare, it is a public duty on the part of any citizen, sufficiently informed of the facts, to take the necessary steps to bring the case to judicial investigation; and this being so, it would be a policy pernicious to society were the law to permit the legal propriety of a prosecution, supported by such probable cause, to be determined by a consideration of the private motives, whatever they might be, of the party instituting it.

So, also, it would be against the public welfare, as well as work private injustice, if every citizen who begins a criminal prosecution should be made, by law, a guarantor of the existence of probable cause, without regard to the motive which actuated him to begin it. But few would be willing to take steps to apprehend and bring violators of the law to justice, if, though acting with no other motive than the lawful one of discharging a public duty, they should be held as guarantors that, as matter of law and fact, there existed probable cause for believing the party guilty. Hence it is, that if a person, in good faith, without malice, institutes a criminal prosecution, he is not responsible to the party charged, in an action for damages for malicious prosecution, though, in point of fact, the circumstances were not sufficient to create probable cause; but, if actuated by malice, he takes upon himself liability in damages, if it is made to appear against him that the facts touching guilt were not such as to create probable cause for be-.

lieving the party guilty, and he was not justified by advice of counsel to which we will refer.

"Malice may be inferred from the want of probable cause for setting the prosecution on foot."—*McLeod v. McLeod*, 75 Ala. 483. But this does not mean that it must necessarily be so inferred, in all cases. The want of probable cause may have been so apparent or palpable that the mind of the jury would be naturally led by that fact alone to conclude that the prosecution must have been malicious ; whereas, on the other hand, the circumstances might have been such that, though when closely weighed and legal rules applied, did not create probable cause, yet were sufficient to induce the mind of the jury to require further proof of malice. It is always a question for the jury whether a want of probable cause alone justifies an inference of malice ; at least, if there is any evidence tending to show that there was such cause, or that the prosecutor honestly believed there was.—*Jordan v. A. G. S. R. R. Co.*, 81 Ala. 220 ; *Lunsford v. Dietrich*, 86 Ala. 250. But for its reference to false imprisonment, of which there was no evidence, and which could not coexist with malicious prosecution on the same facts, charge A given for plaintiff asserted a correct legal proposition. When that instruction is given, however, in order to obviate misleading tendencies, the jury ought to be fully instructed, in connection with it, in the principles here adverted to.

In the present case, leaving out of view the matter of the advice of counsel, there was not, upon the undisputed evidence, probable cause for believing that the plaintiff was guilty of the offense charged. Taking every fact of which the defendant claims to have been informed, and upon which he acted, to have been literally true, the plaintiff was not guilty of the statutory offense of obtaining goods by false pretenses. There was, therefore, no error in giving charge B for plaintiff.

But, defendant insists, and offered evidence to prove, that before suing out the warrant he fully and fairly laid before a reputable practicing attorney and counsellor at law all the facts within his knowledge, and which could be obtained by him by the exercise of reasonable diligence, touching the question of the plaintiff's guilt of the offense charged, for his advice and direction whether or not, upon such facts, there was probable

cause for believing the plaintiff. guilty ; that he was advised by the attorney that, upon the facts as stated, the plaintiff was guilty, and that he relied, in good faith, upon this advice in suing out the warrant.

It is a well settled and familiar rule of law that such advice so sought, obtained and acted upon, is a complete defense to the action for malicious prosecution. The rule and its requirements may be found fully stated in the case of *McLeod v. McLeod*, 73 Ala. 42 ; *Ib.*, 75 Ala. 483, as well as other decisions of this court, and it is unnecessary to repeat them here. The reasons which gave rise to it are variously stated in the books ; some saying that the advice so obtained and acted upon rebuts all inference of malice ; some that it supplies probable cause, and others that it does both. Under either theory, a prosecution cannot be said to have been malicious and without probable cause, if the legal advice was obtained and acted upon according to the rule. Hence, a charge which declares the defendant guilty if he began the prosecution maliciously and without probable cause (it having been ended), is correct and properly given, though no express reference is made to advice of counsel of which there is evidence. Any misleading tendency arising from a want of such reference in the charge can be obviated by an explanatory instruction. It is upon this principle that advice of counsel can be given in evidence under the general issue. Charge C and D given for plaintiff would, therefore, have been properly given if they had not assumed, as fact, instead of leaving to the jury to determine, that the plaintiff had suffered wounded feelings and injured reputation. In fact, we see no evidence to show injured reputation. For these faults, these charges were erroneously given.

The attorney whose advice will be received is not one usually defined in the books as being *"learned in the law."* Though, with us, it is presumed that one admitted to the practice is "learned in the law," yet as it is not a practical requirement of the rule under consideration, it would be taking a step too far to require a party to insure that his selection was of an attorney "learned in the law." The definition, if adopted, might mislead the jury, since the advice of a reputable practicing attorney will protect the prosecutor—the other conditions being present—whether, in fact, he is learned in the

law or not. We suggest, therefore, for the sake of precedent, that if charges E, F and G, which were given for plaintiff, be requested on another trial, they should be so modified as to substitute "reputable practicing attorney" for "attorney learned in the law." The charges, we think, were otherwise unobjectionable.

We have said that under all the facts of the case, aside from the advice of counsel, there was no probable cause to believe the plaintiff guilty. Therefore, charge 16, requested by defendant (which would be construed by the jury to apply only to those facts), though asserting, generally, a correct legal proposition, was properly refused in this case.

Charges 17 and 19 requested by defendant, being the affirmative charges in his favor on the counts for false imprisonment, ought to have been given, and the court erred in refusing them.

Charge 18 was properly refused. The question of guilt of malicious prosecution was clearly one for the jury.

Charge 5 requested by defendant seems to state all the elements of a legal defense based on advice of counsel, and ought to have been given; but charges 8 and 11 do not hypothesize that defendant acted, in good faith, on the advice, and were properly refused for that reason.

This disposes of all the questions raised by the record, which we deem at all necessary to be decided as guides upon another trial.

Reversed and remanded.