188 So. 245

**ARBUTHNOT v. THATCHER et al.**

**2 Div. 133.**

Supreme Court of Alabama.

April 20, 1939.

J. W. Arbuthnot, Jr., and Clifton C. Johnston, both of Marion, for appellant.

A. W. Stewart, of Marion, and Pitts & Pitts, of Selma, for appellees.

BOULDIN, Justice.

The appeal is from a decree sustaining demurrers to a bill in equity.

The bill was filed to enforce a lien for rent of a storehouse (Code, § 8814); and to adjust the priorities between the landlord's lien and the lien of a mortgagee acquired pending the tenancy.

The bill avers that from September 1, 1937, to April 1, 1938, the store building was occupied by the "tenant of complainant at a monthly rental of $35 per month payable monthly on the first day of each month." That during the time the tenant became indebted to complainant for rent in the sum of $245, had paid thereon $50, leaving the balance due and unpaid; that on termination of the lease the tenant delivered to the landlord the goods, furniture, etc., upon which the lien is claimed; that while the property was on the premises, some five weeks after the tenancy began, the tenant gave a mortgage thereon to respondent Lucy Christian, who claims a lien superior to that of complainant.

The theory of the demurrers is that the bill shows no continuous rental, but a new rental for each successive month. That the landlord's lien having priority over the mortgage can extend only to the rent accrued up to the date the mortgage was recorded; or, in any event, to cover the month during which complainant had actual notice of the mortgage; that if the tenancy was at will, the landlord could not let rents accumulate against the property thus destroying the mortgagee's security after notice thereof. The bill was silent as to actual notice; but the insistence is the bill should aver all the facts upon which priority is claimed, and is to be construed most strongly against the pleader. The bill does not aver a tenancy for a term fixed in advance for the period during which the rent accrued.

But it does aver a continuous tenancy upon a monthly rental basis. This is a tenancy at will, commonly called a tenancy from month to month. Such a tenancy is continuous until terminated by notice to quit. Harris v. Hill, 190 Ala. 589, 67 So. 284; Eddins v. Galloway Coal Co., 205 Ala. 361, 87 So. 557; Code, § 8822 (Amended Gen.Acts 1932, Ex.Sess., p. 14); 35 C.J. 1105, § 303.

It has long been settled that the landlord's lien attaches upon goods and wares of the tenant enjoying the protection of the premises for the rent accruing for the full term of the lease. Nicrosi v. Roswald, 113 Ala. 592, 21 So. 338; Andrews Manufacturing Co. v. Porter, 112 Ala. 381, 20 So. 475; Ex Parte Barnes, 84 Ala. 540, 4 So. 769; Shapiro v. Thomp-

son, 160 Ala. 363, 367, 49 So. 391; Scott v. Renfro, 106 Ala. 611, 14 So. 556.

 We think clear under the averments of the bill the landlord's lien attached when the goods went upon the premises as security for the rent of the entire period of the tenancy from month to month.

It follows the mortgage given upon property then on the premises and subject to the lien was subordinate to such lien.

True, of course, the landlord could not by a new rental after the mortgage was of record, create a lien for a new term and acquire a superior lien for the rent of such new term.

But the mortgagee could not complain at her carrying out the terms of her existing rental contract; and, therefore, cannot complain that her security was thereby reduced. She could not demand of her to collect her rent promptly, or else terminate the tenancy at will. She took only such security as the tenant could give, a lien subject to all the priorities in favor of the landlord to accrue under the existing tenancy.

It is perhaps appropriate to call attention to the difference between this case and cases of conditional sale contracts, or purchase money mortgages, wherein title never passed to the tenant except in so far as such titles were void under recording statutes. In such cases, we have held the landlord's lien cannot take priority except as to rent accrued before actual notice of the state of the tenant's title. Isbell-Hallmark Furniture Co. v. Sitz, 217 Ala. 51, 114 So. 678.

The fact that the bill avers the tenant delivered to complainant the possession of the chattels on which she seeks to enforce her lien does not stamp this as a suit to quiet title to personalty, as in Bailey v. Folsom, Tax Collector et al., 207 Ala. 329, 93 So. 479.

The bill by direct averments and prayer seeks to enforce complainant's landlord's lien and to adjust priorities between the landlord's lien and the mortgage lien, matters of well known equity jurisdiction.

Whether the bill avers an actual controversy, a justiciable issue under the Declaratory Judgment Law, is of no consequence on this appeal. If the demurrer to that aspect of the bill was well taken the decree should have been so limited.

Sustaining demurrers going to the equity of the bill as a whole is error if the bill has equity in any aspect. Here the bill has equity under the general powers of courts of equity.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.