24 So.2d 119

### LEWIS v. DOTHAN DRUG CO. et al.

4 Div. 393.

Supreme Court of Alabama.

Dec. 20, 1945.

O. S. Lewis, pro se.

J. Robert Ramsey and T. E. Buntin, both of Dothan, for appellees.

282

BROWN, Justice.

This appeal is by the plaintiff from a judgment in favor of the defendants in an action for malicious prosecution. The complaint consists of a single count, which avers that defendant maliciously and without probable cause brought suit for unlawful detainer against plaintiff in the Court of Common Pleas of Dothan, Ala., to recover possession of suite 1, on the second floor of the Rimson Building on West Main Street, in Dothan, Ala., occupied by the said O. S. Lewis, as a law office. That said cause proceeded to trial in said court, and there were verdict and judgment for the defendant in said cause, the plaintiff in this appeal. Thereafter, and within the time provided by law, defendant appealed said cause to the Circuit Court of Houston County, Ala. Plaintiff avers that while said appeal was pending in said court the defendants without notice to plaintiff filed a motion for a nonsuit therein, and on said motion, and without notice to the plaintiff, said court dismissed said cause out of said court, which said judgment is in full force and effect; these defendants being taxed with the costs, and said cause was thereby determined in favor of the plaintiff. The defendants pleaded the general issue.

The evidence in the case goes to show that while the Rimson Building was in the course of construction, in about the year 1928, to induce the plaintiff in this suit to become a tenant in said building upon its completion offer was made to have this suite on the second floor arranged for him, and he was told that he could use the suite as long as he wanted it. Plaintiff entered into the occupancy of the suite in the year 1928 on a rental basis of $40 per month, and has continued in possession up until the trial of this case. The evidence further shows without dispute that during the depression in the early nineteen thirties by agreement between Mr. Rimson, the owner of the building, and plaintiff the rent was reduced to $30, payable monthly, and which

plaintiff has continued to pay. During the year 1944, sometime prior to September 1st, the defendants, Dothan Drug Company, a partnership composed of Grady Watford, J. F. Bottoms, Jr., Mattie Lizzie Watford and Merle C. Bottoms, obtained from Rimson a lease of the entire building taking over the tenants located on the upper floors, having purchased the business on the lower floor, as the name indicates, a drug business. On September 1st, 1944, the defendants gave written notice to the plaintiff to the effect that his possessory interest in the offices was terminated effective ten days thereafter. The defendants then brought an action of unlawful detainer in the Court of Common Pleas of Dothan, Ala., to recover possession of said office suite. The case went to trial in the Common Pleas Court resulting in a judgment in favor of the defendant in that case, plaintiff in this action. From that judgment the plaintiffs in that suit, defendants here, appealed to the Circuit Court. Thereafter on January 23, 1945, pending the appeal in the Circuit Court, the plaintiffs in that case took a voluntary nonsuit and the costs were taxed against them. They thereafter filed another action in the Court of Common Pleas, which was pending at the time of trial of this case.

Before instituting the unlawful detainer suit the Dothan Drug Company sought and obtained the advice of a reputable attorney, and after stating fully the facts within their knowledge they employed the said attorney to ascertain whether or not said Lewis had a written lease covering said suite, and if not, to ascertain from him upon what facts he based his contention that his leasehold interest was not terminable, and said attorney investigated the record and ascertained that there was no lease on record, and called on said Lewis, and after conference with him ascertained from him that he had no written lease, and that he was occupying the suite, paying rent month by month, having gone into possession in the circumstances we have heretofore stated; that he had made no agreement with the defendants or their agent in respect to the occupancy of the offices in the building, but had continued to occupy same, and pay to them the amount that he had been paying as rent to Rimson. And after said investigation of the record and conference with Lewis, taken with what the defendants had stated to him, said attorney advised the

defendants in this case that they had a right to terminate the lease, and following this advice defendants gave the notice and thereafter in due time brought the action of unlawful detainer.

On the trial of this case the defendants' counsel in putting the case to the jury proceeded by stating that the defendants had sought and obtained the advice of counsel before bringing the action. The plaintiff objected on the ground that such advice constituted a special defense that had to be presented by special plea before such evidence was admissible. The court overruled the objection, and after counsel had completed the statement as to such legal advice the plaintiff moved to exclude the same, which motion was overruled. This constitutes the basis for the first assignment of error.

It has long been settled in Alabama that such evidence is admissible under the general issue. Going to show probable cause and absence of malice. Abingdon Mills v. Grogan, 167 Ala. 146, 52 So. 596; O'Neal v. McKinna, 116 Ala. 606, 22 So. 905; McLeod v. McLeod, 73 Ala. 42; McLeod v. McLeod (second appeal), 75 Ala. 483.

The letter written by the plaintiff to the defendants, to which objections were sustained by the court, does nothing more than state the writer's opinion that the Dothan Drug Company was without authority to terminate the lease, and was clearly immaterial and self-serving. This ruling was free from error.

The question made basis for assignment of error No. 3 was relevant as going to show what knowledge and information the defendants had as to the occupancy of the suite by Lewis, and was relevant to the question of their statement of the matter to Ramsey when seeking his advice. The objection was properly overruled.

Assignments of error No. 4 and No. 5 are in the same category as assignment No. 3, and relate to similar matter, and the rulings were without error. The information given by McBryde to one of the defendants, Mr. Bottoms, was material on the question of probable cause, and as to whether or not Bottoms made full and fair statement of the matter to Ramsey in seeking his legal advice. The testimony of Ramsey was relevant and material on the same issues, and the testimony as to what occurred in searching the record and his

conference with Lewis was clearly material on the question of good faith, and whether or not the defendants exercised diligence in ascertaining the facts in respect to the character of plaintiff's rights to hold the suite, relevant to the question of probable cause for believing defendants had a right to terminate Lewis's possessory interest in the suite of offices. Procuring the assistance of Mr. Ramsey to ascertain the true basis of Mr. Lewis's claim to hold the offices was within the scope of diligent inquiry to ascertain and acquire knowledge of the real facts. Tabert v. Cooley, 46 Minn. 366, 49 N.W. 124, 13 L.R.A. 463; 34 Am.J. 785, § 140.

If the attorney previous to giving the advice has information communicated to him, or ascertains the facts by his own investigation for his client, such facts need not be restated to him as a basis for his advice. Shea v. Cloquet Lumber Co., 92 Minn. 348, 100 N.W. 111, 1 Ann.Cas. 930; 34 Am.J. 753, § 78.

Refused charges 5, 6 and 7 are unsound in that they would deny the defendants the right to act on the advice of a competent lawyer based upon a full disclosure of the facts, and facts which he ascertained while acting for and at the instance of defendants in respect to the matter. Abingdon Mills v. Grogan, supra; O'Neal v. McKinna, supra; McLeod v. McLeod, supra.

In support of the assignment of error based on the court's ruling on the motion for a new trial, the appellant insisted that his exclusive possession of the suite of offices occupied by him as a law office at the time the defendants claimed to have acquired a possessory interest in the entire building was sufficient to charge the defendants with knowledge of all the facts pertaining to his possession, and to impose on them a duty to inquire of Rimson, under whom appellant entered into possession, to ascertain the true facts. And, not having done so, they cannot defend on the basis of legal advice obtained from a competent lawyer, after stating to him all the facts within their knowledge, and facts which he learned on investigation for them from the plaintiff himself. This contention is clearly without merit, as we have heretofore stated. Moreover, the facts as to the basis of appellant's claim, stated by him, is not disputed in the evidence. The substance of his testimony, which we have heretofore

stated, is that to induce him to become a tenant Rimson had these offices arranged according to his, appellant's, plan, and appellant agreed to occupy these offices at a monthly rental, and to keep them as long as he wanted them. This was purely a tenancy at will, rent payable monthly, and terminable on notice as provided by Section 5, Title 31, Code of Alabama 1940. Arbuthnot v. Thatcher, 237 Ala. 593, 188 So. 245.

In Garrett v. Reid, 244 Ala. 254, 13 So. 2d 97, the rent was for a term, the year 1940, and continued over with the right of renewal for the year 1941.

The answers to interrogatories propounded by the plaintiff to the defendants under the statute, and answered by Bottoms, is clearly not newly discovered evidence, and not having been offered on the trial of the case, though they may tend to contradict Bottoms' testimony, were properly disallowed and not considered by the court in the ruling on the motion for a new trial.

The record and proceedings in the Circuit Court appear to be free from error, and the judgment is due to be affirmed. It is so ordered by the Court.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.