178 So.2d 823

## EAST GADSDEN BANK

v.

## G. H. BAGWELL.

**6 Div. 994.**

Supreme Court of Alabama.

Sept. 30, 1965.

Donald L. Morris, Birmingham, Walter I. Barnes, Gadsden, T. J. Carnes, Albertville, for appellant.

Geo. I. Case and McGowen & McGowen, Birmingham, for appellee.

PER CURIAM.

Under the facts set out in a prior appeal of this case, East Gadsden Bank v. Bagwell, 273 Ala. 441, 143 So.2d 438, the question again arises, after a hearing on the merits of a petition for a declaratory judgment considered on the prior appeal, supra, as to whether appellant's mortgage is superior to appellee's lien for rent during a new term, which began after the expiration of the lease. There is no contention that the mortgage is superior for rent accruing during the old term.

The trial court, after reversal and remandment, supra, heard the declaratory petition on its merits and adjudged as follows:

"That the judgment and attachment by the Respondent Bagwell against Respondents Thompson in the Jefferson County Civil Court Case No. 24756 creates a landlord's lien in the amount of said judgment, which said lien is hereby declared to be paramount and prior to any claim of the complainant to the property therein attached by virtue of complainant's foreclosure of the said mortgage on September 5, 1961; * * *."

The declaratory decree also discharged the temporary injunction, denied complainant's prayer for a permanent injunction and for the appointment of a receiver.

Appellant in his brief, after some discussion as to what elements are necessary to constitute a tenancy at sufferance, or a tenancy at will, says a new term was created on June 1, 1961, which was the day following the expiration of the old term.

This court, in the case of Arbuthnot v. Thatcher, 237 Ala. 593, 188 So. 245, observed that it has long been settled that the landlord's lien attaches upon goods and wares of a tenant enjoying the protection of the premises for the rent accruing for the full term of the lease. (Cases cited.) Also see Section 29, Title 31, Code of Alabama 1940. Observing further in the opinion, the court said:

"[4] True, of course, the landlord could not by a new rental after the mortgage was of record, create a lien for a new term and acquire a superior lien for the rent of such new term."

In our research of the record here on appeal, we fail to find any evidence as to when the mortgage of appellant, dated December 29, 1960, through which it claims a superior lien to appellee's, was recorded in Jefferson County. Title 47, Sec. 110, Code of Alabama 1940. For aught appearing, according to our research, the mortgage was not of record in Jefferson County, the location of the personal property in controversy, when the new term began on June 1, 1961. In the absence of such proof, the burden being on appellant, we conclude that appellee did not have constructive notice of the mortgage lien.

It follows, in the absence of actual or constructive notice to appellee before June 1, 1961, the date the new rental term began, of the bank's mortgage on the personal property subject to appellee's lien for rent, that appellant's mortgage lien is subordinate to appellee's lien for rent. Arbuthnot v. Thatcher, supra.

We pretermit any discussion as to whether or not this appeal has become moot because of developments that do not appear in the record before us.

The decree of the trial court is due to be affirmed. It is so ordered.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN, MERRILL, COLEMAN and HARWOOD, JJ., concur.