ELECTRIC CONSTRUCTORS, INC.,
Appellant,

v.

George B. AZAR, Trustee in Bankruptcy
of Robert L. Fallat, Bankrupt,
Appellee.

No. 25680.

United States Court of Appeals
Fifth Circuit.

Dec. 6, 1968.

George I. Case, Jr., Birmingham, Ala., for appellant; McGowen & McGowen, Birmingham, Ala., of counsel.

Oakley W. Melton, Jr., Montgomery, Ala., for appellee; Steiner, Crum & Baker, Montgomery, Ala., of counsel.

Before JOHN R. BROWN, Chief Judge, and RIVES and McENTEE*, Circuit Judges.

* Of the First Circuit, sitting by designation.

**476**

PER CURIAM:

The Bankrupt, Robert W. Fallat, remained in the retail furniture business in Montgomery, Alabama, for about four months. In that short time he incurred debts in excess of $100,000.00. His bankrupt estate liquidated at only $3,375.00. The district court entered judgment in favor of the Trustee-in-Bankruptcy against Electric Constructors, Inc., for $12,065.60 plus interest from December 1, 1964.[1] For the reasons noted in its able opinion,[2] the district court held that Electric Constructors had obtained a voidable preference as defined by Section 60 of the Bankruptcy Act, 11 U.S.C.A. § 96, and a voidable transfer as defined by Section 70e of the Act, 11 U.S.C.A. § 110e.[3]

Appellant urges this Court to reverse the district court by holding that its factual determination that the Appellant had actual or constructive knowledge of the Bankrupt's insolvency was "clearly erroneous"[4] and that, under Alabama law, the Bankrupt's landlord was not an intervening lien creditor. We find both contentions to be unpersuasive.

 While our scope of review under the "clearly erroneous" rule has been held to be broader when we consider a case of constructive rather than actual knowledge of insolvency,[5] we must conclude that the signs of knowledge of insolvency were abundant in this record.[6] See Cooper Petroleum Co. v. Hart, 5 Cir. 1967, 379 F.2d 777, 779.

 Appellant's contentions with respect to the Section 70e issue are equally unconvincing. It is indisputable that, by late recordation of the security interests, Appellant lost any rights to relation back to the date of execution, acquired only prospective protection, and remained vulnerable to any intervening lien creditor. Tit. 39, § 191 (11), Code of Ala. (1959 rev. ed.). Consequently, the Bankrupt's landlord became an intervening lien creditor into

1. The judgment sum represented the invoice value of merchandise shipped by the Appellant to the Bankrupt under what is referred to in the trade as a "Ninety Day Free Floor Plan" financing arrangement. In exchange for the merchandise, the Bankrupt executed in Appellant's favor two instruments, each representing a combination unconditional promissory note and a "trust receipt," granting Appellant a security interest in the merchandise. Appellant assigned its interests *with recourse* to two Birmingham banks to which the Bankrupt made $6,061.80 in payments thereon. For unexplained reasons, the financing instruments were not recorded for 85 and 101 days after execution, thereby enabling Appellant to hold a "secret lien" on its merchandise for practically the entire business life of the Bankrupt's enterprise.

2. Azar, Trustee v. Electric Constructors, Inc., M.D.Ala.1967, 293 F.Supp. 33.

3. The Section 60 issue was predicated upon a finding of "reasonable cause to believe the debtor to be insolvent" pursuant to Section 60b and our test set forth in Clower v. First State Bank of San Diego, Texas, 5 Cir. 1965, 343 F.2d 808, 810–811. The Section 70e issue was based on the conclusion that the late recordation of the financing instruments amounted to a voidable transfer, and allowed the Trustee to stand in the place of any creditor with a provable claim under the principle of Moore v. Bay, 1931, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133. Accord: Corley v. Cozart, 5 Cir. 1940, 115 F.2d 119.

4. Fed.R.Civ.P. 52(a).

5. See Shaw v. United States Rubber Co., Naugatuck Chemical Division, 5 Cir. 1966, 361 F.2d 679, 682; Mayo v. Pioneer Bank & Trust Co., 5 Cir. 1962, 297 F.2d 392. Cf. 3 Collier on Bankruptcy, 14th ed., 1968, ¶ 60.53, pp. 1057–1058 n. 2.

6. The Bankrupt's attorney-in-fact was Appellant's corporate director. No credit check preceded execution of the financing arrangement. The security instruments were not recorded until 17 days before and 13 days after repossession, effectively precluding any knowledge of such interests on the part of the 73 general creditors who loaned the Bankrupt over $100,000.00. And the repossession occurred one day before the maturity date expressly contained in *both* promissory notes and two days prior to the cessation of business, not to speak of ten days after the Bankrupt refused to renew the security arrangements.

whose shoes the Trustee might step to declare the payments and repossession to be voidable transfers within the meaning of Section 70e(1). Contrary to the Appellant's assertions a landlord's lien in Alabama attaches immediately to any property brought onto the premises on which a security interest has not been perfected and "extends to the amount of the rent for the entire term of the lease contract." Dixon v. Bashford, 1930, 220 Ala. 625, 127 So. 194. See East Gadsden Bank v. Bagwell, 1965, 278 Ala. 430, 178 So.2d 823; Arbuthnot v. Thatcher, 1939, 237 Ala. 593, 188 So. 245. Tit. 31, § 29, Code of Ala. (1959 rev. ed.).

For the reasons stated, we conclude that the district court correctly decided both issues. The judgment is

Affirmed.