JONES, Justice.
This appeal involves a suit for damages based on improvements which the plaintiff made to property rented from the defend *633 ants under an oral agreement. After a trial without a jury, the court determined that the plaintiff was not entitled to relief.
In April 1982 DeWayne McKelvey entered into an oral agreement with Edna and Curtis Terry to rent their commercial property in North Courtland, Alabama. McKel-vey wished to operate a laundry and a cafe on the premises. Mrs. Terry initially told McKelvey she wanted to sell the property for $30,000, but he allegedly responded that the property was not worth that much and he only wanted to lease it.
McKelvey’s version of the negotiations was that he told the Terrys he would have to invest $10,000 to $12,000 to make the property usable for his laundry and cafe businesses. He allegedly told them that to make an adequate return on this investment, he would have to lease the property for at least five years. According to McKelvey, Mrs. Terry told him to go ahead with his improvements and they would lease the property to him for an indefinite period, long enough for him to recover his investment.
McKelvey made the necessary alterations to the property, installing wiring, plumbing, and other fixtures. He did this work apparently in May 1982 and began operating his business in June or July of that year. He paid rent until October of 1983, when Mrs. Terry informed him she had sold the property and he would have to move out by November 1. He did so and filed this suit on November 7. The complaint included four counts, which we take to state claims for unjust enrichment, implied contract, work and labor done, and fraudulent inducement to enter the lease and make the improvements.
The Terrys answered the complaint by admitting an oral contract but asserting that it was a month-to-month rental and that they refused to enter into a written lease because they wished to sell the property. The answer also raised the Statute of Frauds. In answer to a request for admissions, the Terrys admitted that they told McKelvey he could make alterations to the property but added that they told him he had to do so at his own expense. They denied that the improvements enhanced the value of the property.
The case went to trial on these contentions of the parties. The purchaser testified that the changes made by McKelvey diminished the value of the property rather than enhancing it. The trial court, after receiving written briefs from the parties, entered a judgment which included the following:
“[T]he evidence in this case shows that there was no lease, that the defendants repeatedly declined to sign a lease and in fact informed the plaintiff that the premises were for sale and that should a buyer present himself, the premises would be sold to anyone willing to pay the sale price asked by the defendants.
“The Court finds as a matter of fact and law from the evidence presented in this cause that there was no lease and that there is no equitable remedy available to the plaintiff for relief herein, and further, that the tenancy existing between the plaintiff and the defendants was one of a tenancy at will and that the only requirement of the defendants to regain the rented facility was to give thirty (30) days’ notice to the plaintiff to vacate the premises.”
Because the trial judge found there was no lease, we need not consider what effect the Statute of Frauds might have had if there had been a lease. The factual dispute as to whether the rental arrangement was to last until McKelvey could recover his investment, approximately five years, or was simply a tenancy at will, was resolved in favor of the owners. “Where the end of the term is indefinite and uncertain there is no valid lease for a term of years, but an estate at will is thereby created.” Industrial Machinery, Inc. v. Creative Displays, Inc., 344 So.2d 743 (Ala.1977). “[A] continuous tenancy upon a monthly rental basis ... is a tenancy at will, commonly called a tenancy from month to month.” Arbuthnot v. Thatcher, 237 Ala. 593, 595, 188 So. 245, 246 (1939); *634 Lewis v. Dothan Drug Co., 247 Ala. 279, 24 So.2d 119 (1945).
The evidence was presented ore tenus and was conflicting. The trial court’s findings of fact, where supported by credible evidence, are imparted a presumption of correctness. Chism v. Hicks, 423 So.2d 143 (Ala.1982); Silverman v. Charmac, Inc., 414 So.2d 892 (Ala.1982); Kimmell v. Bailey, 409 So.2d 767 (Ala.1981). This applies not only to the issue regarding the duration of the rental agree- ■ ment, but also to the issues regarding alleged fraudulent inducement and unjust enrichment. The record contains conflicting testimony on all these issues, and the evidence in favor of the Terrys’ position is sufficient to support the trial court’s decree. The judgment is therefore due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.